■ In the Matter of the Claim of LAURA CAUFIELD-ORI, Respondent. ABBOTT BLUMBERG, Appellant; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [649 NYS2d 512] —Casey, J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed May 17, 1995, which ruled that claimant and others similarly situated were employees of Abbott Blumberg.

Abbott Blumberg operates a business in which he refers models to companies in the garment industry. After claimant, a model, applied for unemployment insurance benefits and hearings were held before an Administrative Law Judge, the Board found that claimant and other models represented by Blumberg were Blumberg's employees and not independent contractors. Blumberg challenges this finding arguing, inter alia, that it is not supported by substantial evidence. Based upon our review of the record, we disagree.

Evidence was adduced at the hearing that Blumberg maintains a list of models, categorized by height, shoe size and dress size, and personally interviews each before putting them on the list. He calls companies to inform them of models which he has available and sends the models to the companies if they are needed. He charges the models a 10% commission which

he takes from their fee. He pays the models directly and deducts his commission from the amount he receives from the companies, which he bills directly. If a company does not pay, he takes actions to collect outstanding bills, but allows the models to keep their fees even if he is unsuccessful. The companies, not Blumberg, establish the rate at which the models are paid.

Blumberg does not provide the models with shoes, clothes or other supplies. In addition, he does not provide them with fringe benefits or deduct any taxes from their compensation. The models are not allowed to find replacements for their assignments unless approved by the companies. They are, however, permitted to work for other agencies. The models do not submit vouchers to Blumberg, but Blumberg sometimes calls the companies to verify overtime work.

"[W]hether one is an employee rather than an independent contractor is a mixed question of fact and law for the Board to resolve" and the Board's decision must be upheld if supported by substantial evidence (*Matter of Slovin D.D.S., P. C. [Hartnett]*, 158 AD2d 824, 825). While no one factor is determinative (*see, Matter of Nurse Care Registry [Hartnett]*, 154 AD2d 804, 805), the key inquiry is "control over important aspects of the services performed other than the results or means" (*Matter of Concourse Ophthalmology Assocs. [Roberts]*, 60 NY2d 734, 736). In the instant case, Blumberg selected those models he chose to represent, determined which models were appropriate for different assignments, invoiced clients for the models' services and paid the models directly. In our view, these activities demonstrate that Blumberg exercised a sufficient amount of control to be deemed the models' employer (*see, e.g., Matter of Barnes [USA Models—Sweeney]*, 216 AD2d 619, *lv denied* 86 NY2d 710; *Matter of Chopik [Newman—Hartnett]*, 145 AD2d 747). While the record contains evidence which would support a contrary conclusion, the Board's decision is supported by substantial evidence and must, therefore, be upheld (*see, Matter of FMI Interpreting Servs. [Hudacs]*, 192 AD2d 1006, 1007; *Matter of Chopik [Newman—Hartnett]*, supra, at 750). We have considered Blumberg's remaining contentions and find them to be without merit.

Mikoll, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the decisions are affirmed, without costs.