■ In the Matter of the Claim of FREDA T. BRAUNSTEIN, Respondent. DINAIRE CORPORATION, Appellant; COMMISSIONER OF LABOR, Respondent. [672 NYS2d 522] —White, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 9, 1996, which ruled that Dinaire Corporation was liable for unemployment insurance contributions on remuneration paid to claimant and those similarly situated.

The principal issue on this appeal is whether the Unemployment Insurance Appeal Board's decision that claimant, a sales representative for Dinaire Corporation, was an employee rather than an independent contractor is supported by substantial evidence.

It is now well settled that a determination that an employer-employee relationship exists may rest upon evidence that the employer exercises either control over the results produced or, more importantly, over the means used to achieve the results (*see, Scott v Massachusetts Mut. Life Ins. Co.*, 86 NY2d 429, 433; *Matter of Ted Is Back Corp. [Roberts]*, 64 NY2d 725, 726). Here, the Board predicated its determination on the fact that claimant worked regularly for Dinaire during the base period and the employment agreement assigned her a specific territory and prohibited her from selling to certain national accounts, but nevertheless required her to visit those accounts periodically. Claimant was also prohibited from selling any

products that directly competed with Dinaire's. The Board also attached significance to the fact that Dinaire provided sales aids to claimant at no cost and established the prices for the products claimant sold.

Dinaire, on the other hand, maintains that claimant was an independent contractor, pointing out that she worked strictly on a commission basis out of her own home on a schedule of her own choosing and was free to substitute the services of third parties for her own. Dinaire further points out that it did not provide training, support services, fringe benefits, take deductions from claimant's salary or reimburse her for her expenses. Additionally, claimant was not required to file mandatory reports, attend regular meetings or follow Dinaire's personnel policies.

In our view, the fact that claimant was assigned a specific sales territory and prohibited from selling products that competed with Dinaire's, along with the fact that her relationship with the national accounts was governed by Dinaire, show that Dinaire exercised control over the means claimant used to perform her work, thereby providing substantial evidence for the Board's determination (*see, Matter of Neil [Enesco Imports Corp.—Hudacs]*, 180 AD2d 990, *lv denied* 80 NY2d 758; *compare, Matter of Monti Moving & Stor. [Sweeney]*, 241 AD2d 734, 735). We note that while the record would support a contrary conclusion, inasmuch as the Board's determination is supported by substantial evidence it must be upheld (*see, Matter of Caufield-Ori [Blumberg—Sweeney]*, 233 AD2d 558, *lv dismissed* 89 NY2d 982).

Turning to the secondary issues, we conclude that the Board did not err in ruling that its finding of employment status with respect to claimant applied to other salespersons working for Dinaire under the same terms and conditions (*see*, Labor Law § 620 [1] [b]). Finally, Dinaire's argument premised on Labor Law § 511 (1) (b) (2) is misplaced since the Board's determination was not founded on that statute (*see, Matter of Pepsi Cola Buffalo Bottling Corp. [Hartnett]*, 144 AD2d 220).

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.