■ In the Matter of the Claim of GEORGE J. WASSEY, Respondent. KENMARK OPTICAL COMPANY, Appellant; COMMISSIONER OF LABOR, Respondent. [680 NYS2d 272] —Graffeo, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 21, 1997, which, *inter alia,* assessed Kenmark Optical Company with additional unemployment insurance contributions based on remuneration paid to claimant and those similarly situated.

Claimant worked as a sales representative for Kenmark Optical Company, a manufacturer of eyeglass frames and optical merchandise. The Unemployment Insurance Appeal Board ruled that Kenmark exercised sufficient direction and control over claimant's work to establish the existence of an employment relationship (*see, Matter of Dolhon [United Group Agency—Sweeney],* 236 AD2d 749). Various indicia of employment were shown to exist including evidence that claimant was assigned a specific sales territory, was asked to check in on a daily basis and was required to obtain permission for absences from work. All prices were set by Kenmark, orders were submitted on forms issued by Kenmark, payments from its customers were billed by and sent to Kenmark, and customer complaints and inquiries regarding merchandise were to be made directly to Kenmark. Claimant was paid on a commission basis but received a weekly "advance" of $1,000. We conclude that although evidence was submitted that might justify a different conclusion, the record contains substantial evidence in support of the Board's finding that claimant worked as a full-time sales representative in an employment relationship; hence, its decision will not be disturbed (*see, Matter of Culliten [Marlette Natl. Corp.—Sweeney],* 227 AD2d 769, 770).

It should be noted that the provision in claimant's contract specifying that he worked for Kenmark as an "independent contractor" does not dictate a contrary result. It is well settled that such contractual provisions are not dispositive in cases such as the instant matter where there are numerous indicia of an employment relationship (*see, Matter of Wilde [Enesco Imports Corp.—Sweeney],* 236 AD2d 722, 723, *lv denied* 89 NY2d 817; *Matter of Pepsi Cola Buffalo Bottling Corp. [Hartnett],* 144 AD2d 220, 222).

Cardona, P. J., White, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.