■ In the Matter of the Claim of RODGER L. VOSS, Respondent. CROWN MARKETING GROUP, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [689 NYS2d 733] —Carpinello, J. Appeal from two decisions of the Unemployment Insurance Appeal Board, filed January 16, 1998, which assessed Crown Marketing Group, Inc. for additional unemployment insurance contributions based upon remuneration paid to claimant and those similarly situated.

Claimant was employed as an outside sales representative for Crown Marketing Group, Inc., a marketing and promotions company engaged in the sale of resort vacation packages. The Unemployment Insurance Appeal Board ruled that Crown exercised sufficient direction and control over the work of claimant and others similarly situated to establish their status as Crown's employees. Crown appeals, contending that the Board's decisions are not supported by substantial evidence.

We disagree. The record discloses that Crown required claimant to attend a one-week training course wherein he was expected to memorize a detailed sales "pitch" and was provided with business cards and promotional materials bearing Crown's logo. Moreover, Crown assigned claimant to a restricted sales territory in which to pursue specific sales leads and required him to obtain prior written approval before soliciting customers outside of the designated geographic area. Pursuant to claimant's employment contract, the failure to pursue the specific leads or to adhere to Crown's sales and marketing policies was grounds for dismissal. Crown further directed and controlled claimant's work by requiring him to report to a Crown telemarketer, who would in turn generate weekly sales productivity reports detailing claimant's weekly and year-to-date sales ratings. In addition, Crown established sales quotas, set nonnegotiable commission rates and handled account billing and collection.

Under the circumstances presented here, we find that

substantial evidence supports the Board's conclusion that claimant and others similarly situated were Crown's employees (*see, Matter of Roman [Berglund—Commissioner of Labor]*, 252 AD2d 707; *Matter of Dolhon [United Group Agency—Sweeney]*, 236 AD2d 749), notwithstanding the provision in claimant's contract specifying his status as an independent contractor (*see, Matter of Wassey [Kenmark Opt. Co.—Commissioner of Labor]*, 255 AD2d 650). Crown's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Crew III and Peters, JJ., concur. Ordered that the decisions are affirmed, without costs.