■ In the Matter of AMERICAN HOME IMPROVEMENT PRODUCTS, INC., Appellant. COMMISSIONER OF LABOR, Respondent.

(And Four Other Related Claims.) [689 NYS2d 759] —Yesawich Jr., J. Appeals from five decisions of the Unemployment Insurance Appeal Board, filed September 29, 1998 and September 30, 1998, which, *inter alia,* ruled that American Home Improvement Products, Inc. was liable for additional unemployment insurance contributions on remuneration paid to claimants.

American Home Improvement Products, Inc. (hereinafter AHIP), which was licensed by a national retail chain store to make various types of home improvements, contracted with sales representatives, including claimants in the related claims, to sell its services to the public. The Unemployment Insurance Appeal Board ruled that the sales representatives were employees and assessed AHIP with additional unemployment insurance contributions based upon the remuneration paid to the sales representatives. AHIP appeals contending, *inter alia,* that the sales representatives were independent contractors.

In determining whether an employment relationship exists, the focus is on the alleged employer's control over the means used to achieve the results (*see, Matter of Ted Is Back Corp. [Roberts],* 64 NY2d 725, 726). The Board's determinations consider a number of factors which demonstrate that AHIP exercised sufficient direction and control to establish the existence of an employment relationship. Sales representatives were expected to report to a specified office each work day at a designated time, to obtain AHIP's permission for planned absences and notify AHIP of unplanned absences. In addition to providing sample kits, business cards which listed AHIP's telephone number and contract forms, AHIP also supplied sales leads without charge to the sales representatives and directed them to pursue the leads or face possible discharge. AHIP established the criteria for the prices charged by the sales representatives, required that they promptly report the results of each sales call to AHIP, trained the sales representatives and prohibited them from working for AHIP's competitors.

As substantial evidence supports the Board's finding of an employment relationship (*compare, Matter of Wassey [Kenmark Opt. Co.—Commissioner of Labor],* 255 AD2d 650; *Matter of Dolhon [United Group Agency—Sweeney],* 236 AD2d 749, *with Matter of Monti Moving & Stor. [Sweeney],* 241 AD2d 734), its determination is not to be disturbed even though there is evidence in the record to support a contrary conclusion (*see, Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516, 521) and despite the contractual provisions which describe sales representatives as independent contractors (*see, Matter of*

*Wilde [Enesco Imports Co.—Sweeney]*, 236 AD2d 722, *lv denied* 89 NY2d 817). Parenthetically, the Board correctly concluded that it was not bound by a ruling of the Internal Revenue Service involving employer-employee relationships, for tax purposes (*see, Matter of Bakal [Trendata, Inc.—Hudacs]*, 192 AD2d 817).

AHIP also contends that the Board erred in refusing to disturb the denial by the Administrative Law Judge (hereinafter ALJ) of AHIP's request to consider issues not raised in the notice of hearing. In particular, AHIP sought to establish that, even if claimants were employees, each of them was disqualified from receiving unemployment insurance benefits. Although an ALJ may consider issues not specified in the notice of hearing (*see, Matter of Rosner [Sweeney]*, 236 AD2d 771; 12 NYCRR 461.4 [d]), AHIP concedes that its initial objection to claimants' applications for benefits was based only on the absence of an employer-employee relationship. Inasmuch as the disqualification issues had not been raised prior to the hearing, we see no abuse of discretion in the Board's decision not to disturb the ALJ's refusal to consider those issues. We also reject AHIP's claim that the Board erred in finding AHIP's request for a hearing with respect to one of the claimants untimely.

Mikoll, J. P., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the decisions are affirmed, without costs.