■ In the Matter of the Claim of SHARON M. ESPOSITO, Respondent. NATIONAL WRITE YOUR CONGRESSMAN, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [696 NYS2d 100] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 9, 1998, which ruled that National Write Your Congressman, Inc. was liable for unemployment insurance contributions based on remuneration paid to claimant and those similarly situated.

Claimant worked as a sales representative selling subscriptions for membership in National Write Your Congressman, Inc., a legislative research organization. The Unemployment Insurance Appeal Board ruled that National exercised sufficient direction and control over claimant's work to establish

the existence of an employment relationship (*see, Matter of Wassey [Kenmark Opt. Co.—Commissioner of Labor]*, 255 AD2d 650). Various indicia of employment were shown to exist by virtue of evidence that claimant had an assigned territory and was provided with a half-day training course. National set the membership price and claimant's commission percentage. Claimant was obligated to advise her regional manager of the days she would not be able to solicit business, and any customer complaints were handled by National. Claimant was required to send in weekly sales reports and failure to do so could result in the forfeiture of commissions. We conclude that although evidence was submitted that might also justify a different conclusion, such as the existence of an independent contractor agreement, the record contains substantial evidence in support of the Board's finding that claimant worked in an employment relationship; accordingly, its decision will not be disturbed (*see, id.; see also, Matter of Voss [Crown Mktg. Group—Commissioner of Labor]*, 261 AD2d 739). Finally, the Board correctly concluded that it was not bound by a ruling of the Internal Revenue Service involving employer-employee relationships (*see, Matter of American Home Improvement Prods. [Commissioner of Labor]*, 261 AD2d 760).

Mercure, J. P., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.