■ In the Matter of the Claim of LORENZO WALKER, Respondent. PARENTS INFORMATION GROUP FOR EXCEPTIONAL CHILDREN, Appellant; COMMISSIONER OF LABOR, Respondent. (And Another Related Claim.) [706 NYS2d 221] —Appeals from two decisions of the Unemployment Insurance Appeal Board, filed August 25, 1998, which ruled, *inter alia,* that Parents Information Group for Exceptional Children was liable for unemployment insurance contributions based on remuneration paid to claimant and those similarly situated.

Claimant worked as a residential habilitation specialist for Parents Information Group for Exceptional Children (hereinafter the Group), an agency that provides services to families with disabled children and recruits the specialists through newspaper advertisements and referrals. Prospective candidates are required to complete an application form and provide references. The Group provides training to the specialists in universal precautions and HIV transmission and also offers optional training in other relevant areas. During the 5½ years claimant was associated with the Group, he worked for the same client. However, after claimant reported various concerns regarding the client's living conditions, the client's mother told claimant that his services were no longer needed and the Group informed him that it had no other clients for him.

Claimant thereafter applied for unemployment insurance benefits and the Group objected, asserting that claimant was an independent contractor and, in any event, that he had voluntarily left his position without good cause. Finding that claimant and others similarly situated were the Group's employees rather than independent contractors, and that claimant did not voluntarily separate from this employment, the Unemployment Insurance Appeal Board awarded claimant unemployment insurance benefits and assessed the Group ad-

ditional unemployment insurance contributions. The Group appeals.

We affirm. Whether an employment relationship exists is a factual question for resolution by the Board and will not be disturbed if supported by substantial evidence (see, e.g., Matter of Seneca Nation of Indians [Sweeney], 247 AD2d 732, 733). Here, the record contains numerous factors that support the Board's finding of an employment relationship, including the fact that the Group's service representative worked with each client family to create service plans without including the specialists in the process. Additionally, the Board found it significant that the job performance of each specialist was routinely monitored through feedback from clients and specific directives were given by the Group as to how to deal with clients and perform job duties. Thus, even though there was evidence to support a contrary conclusion, there is substantial evidence to support the Board's decision that the Group exercised sufficient overall control over important aspects of the services rendered by claimant and others similarly situated to constitute an employment relationship (see, Matter of Loughran [Foley Nursing Agency—Commissioner of Labor], 258 AD2d 857, lv dismissed 93 NY2d 957).

Finally, substantial evidence supports the Unemployment Insurance Appeal Board's separate decision that claimant did not voluntarily separate from his employment without good cause and was, therefore, entitled to receive unemployment insurance benefits (see, Matter of La Vecchia [Dana Funding—Commissioner of Labor], 265 AD2d 724).

Cardona, P. J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the decisions are affirmed, without costs.