■ In the Matter of the Claim of GARY W. JUERGENS, Respondent. PHARMFLEX, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [705 NYS2d 731] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 22, 1998, which ruled that PharmFlex, Inc. was liable for additional employment insurance contributions based on remuneration paid to claimant and to all other persons similarly employed.

Claimant worked as a marketing representative, calling on physicians for PharmFlex, Inc., a pharmaceutical marketing business. He was initially compensated at the rate of $17.50 for each doctor called upon and PharmFlex reimbursed expenses incurred by him. Later his compensation was changed to $20 per call and no expenses were reimbursed. He was paid

every two weeks, worked in an exclusive marketing territory, attended sales meetings at which training was provided, filled out daily reports which were submitted to PharmFlex on a weekly basis, was frequently furnished with memoranda from PharmFlex containing instructions detailing how his work was to be performed, was prohibited from marketing other products when calling on doctors for PharmFlex, was prohibited from making more than 10 calls per day but required to make at least 25 calls per week on the doctors who appeared on the list furnished through PharmFlex from one of its pharmaceutical customers, but he would not be compensated for calling on any doctor not on the list.

This proof constitutes substantial evidence to support the Unemployment Insurance Appeal Board's finding of an employment relationship (*see, Matter of Atac [Fashion Realty Group—Commissioner of Labor]*, 265 AD2d 777), which mandates affirmance of the Board's determination notwithstanding that the record contains evidence of an independent contractor status and that claimant's contract identified him as such (*see, Matter of Wassey [Kenmark Opt. Co.—Commissioner of Labor]*, 255 AD2d 650; *Matter of Braunstein [Dinaire Corp.—Commissioner of Labor]*, 250 AD2d 899).

Cardona, P. J., Mercure, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.