■ In the Matter of the Claim of LYNN FRATELLO, Respondent. M & R CONSUMER GOODS, INC., Appellant; COMMISSIONER OF LABOR, Respondent. (And Another Related Claim.) [706 NYS2d 517] —Mugglin, J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed August 25, 1998, which, *inter alia,* ruled that M & R Consumer Goods, Inc. was liable for additional unemployment insurance contributions based upon remuneration paid to claimant and others similarly situated.

Claimant was an outside sales representative engaged to sell long-distance telephone services for M & R Consumer Goods, Inc., a company which distributes and promotes products for various clients. The Unemployment Insurance Appeal Board ruled that M & R was liable for additional unemployment insurance contributions based upon a finding that claimant and other similarly situated sales representatives were employees rather than independent contractors. M & R appeals.

We affirm. Initially, we reject the contention that the Board erroneously based its decisions on hearsay evidence in the form of handwritten answers to a Department of Labor questionnaire regarding the details of claimant's employment. Inasmuch as the technical rules of evidence are inapplicable to hearings regarding unemployment insurance benefits, hearsay is generally admissible and may properly be considered by the Board (*see, Matter of Evans [Semiconductor Laser Intl. Corp.— Commissioner of Labor],* 254 AD2d 564; *Matter of Campos [Commissioner of Labor],* 253 AD2d 935). In any event, M & R waived any objection to the questionnaire answers by specifically consenting to their admission into evidence at the hearing (*see generally, Matter of Johnson v New York State Police & Fire Retirement Sys.,* 246 AD2d 784, *lv denied* 91 NY2d 814).

Moreover, based upon our review of the record, we conclude that substantial evidence supports the Board's conclusion that

M & R exercised sufficient direction and control over the work of claimant and others similarly situated to establish their status as employees. M & R's president testified that claimant and other sales representatives were provided with individual orientations upon commencing work with M & R and were paid commissions on a weekly basis based upon prices set by the long-distance provider. Although M & R did not assign specific sales territories or provide customer lists, it limited potential customers to small businesses with telephone bills under $1,000 and monitored the territories covered in order to diminish repeat coverage by multiple sales representatives. M & R provided sales representatives with territory maps, promotional materials and long-distance service applications which were completed by customers and submitted to M & R for review and forwarding to the long-distance provider. Sales representatives were strongly encouraged, if not required, to report to M & R's office each day between 7:00 A.M. and 7:30 A.M., at which time they could retrieve materials and attend motivational and role-playing meetings conducted by M & R. At the end of each work day between 5:30 P.M. and 6:00 P.M., sales representatives reported to M & R's office to submit any completed applications and receive updated lists reflecting changes in product pricing.

In our view, this proof constitutes substantial evidence to support the Board's finding of an employment relationship (*see, Matter of Voss [Crown Mktg. Group—Commissioner of Labor]*, 261 AD2d 739, *lv dismissed* 93 NY2d 1042; *Matter of Roman [Berglund—Commissioner of Labor]*, 252 AD2d 707; *Matter of Rhodes [Aspex Eyewear—Sweeney]*, 247 AD2d 689), notwithstanding that the record contains evidence to the contrary and that claimant's contract identified her as an independent contractor (*see, Matter of Wassey [Kenmark Opt. Co.—Commissioner of Labor]*, 255 AD2d 650; *Matter of Braunstein [Dinaire Corp.—Commissioner of Labor]*, 250 AD2d 899).

Spain, J. P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decisions are affirmed, without costs.