■ In the Matter of GAINS, INC., Appellant. COMMISSIONER OF LABOR, Respondent. [748 NYS2d 623] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 10, 2001, which assessed Gains, Inc. for additional unemployment insurance contributions.

Gains, Inc., a company involved in brokering business sales, challenges a determination of the Unemployment Insurance Appeal Board which determined that analysts and brokers who facilitated these sales were employees rather than independent contractors. "[O]ur review is limited to ascertaining whether the Board's decision is supported by substantial evidence, and if so its decision must be affirmed even though there might be evidence to support a contrary conclusion" (*Matter of Francis [West Sanitation Servs.—Sweeney]*, 246 AD2d 751, 752, *lvs dismissed* 92 NY2d 886, 93 NY2d 833). It is well settled that the existence of an employer-employee relationship is determined by whether "the employer exercises either control over the results produced or, more importantly, over the means used to achieve the results" (*Matter of Braunstein [Dinaire Corp.—Commissioner of Labor]*, 250 AD2d 899, 899). Here, notwithstanding a contract provision that brokers and analysts were independent contractors, the contract signed by the brokers nevertheless reserved to Gains the right to specify the procedures, prices, terms and conditions and forms to be used. Brokers were prohibited from hiring assistants without prior written consent from Gains and were forbidden to work for a competitor for one year following the termination of the contract. Given the broad power vested in Gains as per the terms of the contract, we find substantial evidence to support the Board's decision that Gains had sufficient authority to direct the manner in which the brokers worked to establish an employer-employee relationship (*see Matter of Economy Off. Maintenance [Commissioner of Labor]*, 292 AD2d 651; *Matter of Cohen [L.T.A. Realty Corp.—Ross]*, 55 AD2d 788).

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.