In the Matter of the Claim of RONALD I. MacFARLANE, Respondent. AID ASSOCIATION FOR LUTHERANS CORPORATION, Appellant; COMMISSIONER OF LABOR, Respondent. (And Three Other Related Claims.) [828 NYS2d 592]—

Carpinello, J.P. Appeals from consolidated decisions of the Unemployment Insurance Appeal Board, filed October 13, 2004, which ruled that Aid Association for Lutherans Corporation was liable for unemployment insurance contributions based on remuneration paid to claimants and others similarly situated.

For several years, claimants Ronald I. MacFarlane and Gary W. Russell worked as insurance agents for the Aid Association for Lutherans Corporation, and claimant Deborah L. Swan did the same for the Lutheran Brotherhood. Both companies provided insurance and financial products and services to individuals of the Lutheran faith. In 2002, the companies merged and became known as Thrivent Financial for Lutherans. After the merger, MacFarlane was terminated for refusing to sign a new contract because he did not feel it was in his best interest. Russell and Swan were terminated for failing to meet minimum sales quotas. The Unemployment Insurance Appeal Board affirmed a decision of an Administrative Law Judge awarding claimants unemployment insurance benefits after finding that they and all other persons similarly situated were employees for unemployment insurance purposes. These consolidated appeals by the employer ensued.

We affirm. The factual determination as to whether an employer-employee relationship exists is for the Board to resolve and it will not be disturbed as long as it is supported by substantial evidence (see Matter of Greenspan [Adco Paper & Packaging Co.—Commissioner of Labor], 31 AD3d 1092, 1093 [2006]; Matter of Kelly [Frank Gallo, Inc.—Commissioner of

*Labor]*, 28 AD3d 1044, 1045 [2006], *lv dismissed* 7 NY3d 844 [2006]). Crucial to such a determination is whether the alleged employer exercised control over the results or, more importantly, the means by which those results were produced (*see Matter of Aubrey [NGT Lib., Inc.—Commissioner of Labor]*, 8 AD3d 803, 804 [2004]) Here, the record reveals that the employer assigned each claimant a specific sales territory and handled all customer complaints. Furthermore, claimants could not engage in other insurance business without prior consent. Moreover, a minimum sales quota was imposed upon claimants which, if not met, exposed them to termination. In addition, the commission rates set by the employer were nonnegotiable. Finally, the employer provided insurance and retirement benefits to claimants. Accordingly, notwithstanding the existence of other indicia to the contrary, there is substantial evidence in the record to support the Board's decisions (*see Matter of Greenspan [Adco Paper & Packaging Co.—Commissioner of Labor], supra* at 1093; *Matter of Aubrey [NGT Lib., Inc.—Commissioner of Labor], supra* at 805; *Matter of Gains, Inc. [Commissioner of Labor]*, 298 AD2d 754 [2002]; *Matter of Esposito [National Write Your Congressman—Commissioner of Labor]*, 264 AD2d 927, 928 [1999]; *Matter of Voss [Crown Mktg. Group—Commissioner of Labor]*, 261 AD2d 739, 739-740 [1999], *lv dismissed* 93 NY2d 1042 [1999]).

As a final matter, the employer's assertion regarding the application of the Board's decisions to others similarly situated has been considered and rejected.

Rose, Lahtinen and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.