In the Matter of the Claims of ROSEMARIE NOEL et al., Respondents. LIFE ALERT EMERGENCY RESPONSE, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [832 NYS2d 320]—

Appeals from five decisions of the Unemployment Insurance Appeal Board, filed February 24, 2006, which, upon reconsidera-

tion, adhered to its prior decisions ruling that Life Alert Emergency Response, Inc. was liable for additional unemployment insurance contributions based on remuneration paid to claimants and others similarly situated.

Claimants worked as direct sellers for Life Alert Emergency Response, Inc., maker and provider of personal emergency response devices and related services. After termination of their employment, claimants filed for unemployment insurance benefits. The Commissioner of Labor initially determined that claimants were employees of Life Alert and that Life Alert was liable for additional contributions based on remuneration paid to claimants and to all others similarly situated. Life Alert objected on the ground that claimants were independent contractors. After a hearing, the Administrative Law Judge sustained the initial determinations and the Unemployment Insurance Appeal Board affirmed. Subsequently, upon reconsideration, the Board adhered to its prior decisions. Life Alert now appeals.

The existence of an employer-employee relationship is a factual issue for the Board to resolve and its determination will not be disturbed if it is supported by substantial evidence, even if other evidence in the record could support a contrary conclusion (*see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736 [1983]; *Matter of O'Neil-Haight [County of Yates—Commissioner of Labor]*, 34 AD3d 1041, 1042 [2006]). Although all aspects of the arrangement must be examined, "evidence of control over the results produced or the means used to achieve those results are relevant considerations, with the latter being more important" (*Matter of La Fleur [LTI, Inc.—Commissioner of Labor]*, 27 AD3d 935, 936 [2006], *lv dismissed* 7 NY3d 783 [2006]; *see Matter of Hertz Corp. [Commissioner of Labor]*, 2 NY3d 733, 735 [2004]; *Matter of Ted Is Back Corp. [Roberts]*, 64 NY2d 725, 726 [1984]).

Here, evidence was presented indicating, among other things, that Life Alert recruited its direct sellers through advertisements and referrals and required them to complete application forms (*see Matter of Walker [Parents Info. Group for Exceptional Children—Commissioner of Labor]*, 271 AD2d 769, 769 [2000]), provided them with training and scripts for their sales calls (*see Matter of Booth [Eagle Intl., Inc.—Commissioner of Labor]*, 26 AD3d 692, 693 [2006]; *Matter of Venettozzi [Secured-Care Mgt. Servs.—Sweeney]*, 234 AD2d 845 [1996]), imposed sales quotas which had to be met to avoid termination (*see Matter of Mac-Farlane [Aid Assn. for Lutherans Corp.—Commissioner of Labor]*, 35 AD3d 1076, 1077 [2006]), set their commission rate and

product prices and handled and reviewed their customer complaints (*see Matter of McCarthy [Monsieur Touton Selection—Commissioner of Labor]*, 276 AD2d 988, 988 [2000]; *Matter of Esposito [National Write Your Congressman—Commissioner of Labor]*, 264 AD2d 927, 928 [1999]). Life Alert also provided them with sales leads, desk space, mailboxes and telephones (*see Matter of O'Toole [Biomet Marx & Diamond, Inc.—Commissioner of Labor]*, 13 AD3d 767, 768 [2004]). In addition, evidence was presented indicating that the direct sellers were encouraged to work certain set shifts and were required to sign in each day they worked and to attend meetings concerning the methods they were to use to sell the products (*see Matter of Fratello [M & R Consumer Goods—Commissioner of Labor]*, 271 AD2d 880, 881 [2000]; *Matter of Dolhon [United Group Agency of N.Y.—Sweeney]*, 236 AD2d 749 [1997]).

Under these circumstances, we find substantial evidence in the record to support the Board's determination that Life Alert exercised sufficient overall control to establish an employer-employee relationship (*see Matter of Priester [City & Suburban Delivery Sys.—Commissioner of Labor]*, 273 AD2d 654, 654-655 [2000], *appeal dismissed* 96 NY2d 897 [2001]). The existence of a written agreement identifying claimants as independent contractors does not compel a different result (*see Matter of Kelly [Frank Gallo, Inc.—Commissioner of Labor]*, 28 AD3d 1044, 1045 [2006], *lv dismissed* 7 NY3d 844 [2006]). Accordingly, we affirm.

Mercure, J.P., Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.