▪ In the Matter of the Claim of KEVIN LOMBARD, Respondent. SOH DISTRIBUTION COMPANY, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [860 NYS2d 249]—

Kane, J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed December 18, 2006, which ruled that SOH Distribution Company, Inc. was liable for additional unemployment insurance contributions based on remuneration paid to claimant and others similarly situated.

Claimant was employed as a delivery driver by Snyder's of Hanover, Inc., a manufacturer and distributor of assorted snack foods. In December 2003, claimant's employment was terminated as part of a restructuring by Snyder's, and he thereafter signed an agreement with SOH Distribution Company, Inc., which distributed products of Snyder's and other manufacturers, to be a distributor and independent contractor. After this relationship ended in August 2005, claimant applied for unemployment insurance benefits. A determination was issued by the Commissioner of Labor which held that claimant was an employee of SOH and held SOH liable for additional unemployment insurance contributions based on remuneration paid to claimant and others similarly situated. A hearing ensued at the request of SOH, following which the Administrative Law Judge (hereinafter ALJ) sustained the initial determination. The Unemployment Insurance Appeal Board affirmed, prompting these appeals by SOH.

SOH initially contends that it was denied a full and fair evidentiary hearing when the ALJ denied its request, pursuant to 12 NYCRR 461.4 (c), to continue the hearing in order to present the testimony of two additional witnesses. SOH argues that the proffered testimony would have provided evidence concerning the costs and risks of loss assumed by the distributors and certain autonomy afforded them. As this evidence was already

on the record through the introduction of the distributor agreement and the testimony of SOH's other witnesses, the ALJ reasonably concluded that such testimony was cumulative (*see Matter of Gramonte [Inor Dental, P.C.—Commissioner of Labor]*, 46 AD3d 997, 998 [2007]; *Matter of Barrett [Eastman Kodak Co.—Commissioner of Labor]*, 270 AD2d 675, 676 [2000]).

SOH also contends that the Board's finding of an employment relationship was in error. "Whether an employer-employee relationship exists is a factual question to be resolved by the Board and its determination in that regard will be upheld so long as it is supported by substantial evidence, even though there may be evidence in the record that could have supported a contrary conclusion" (*Matter of Perdue [Environmental Compliance, Inc.—Commissioner of Labor]*, 47 AD3d 1139, 1140 [2008] [citations omitted]; *see Matter of Noel [Life Alert Emergency Response, Inc.—Commissioner of Labor]*, 38 AD3d 1082, 1083 [2007]). In making such a determination, evidence of control over the results produced, or, more importantly, the means used to achieve the results, are the relevant considerations for the Board (*see Matter of JoonBug Prods., Inc. [Commissioner of Labor]*, 35 AD3d 997, 998 [2006]; *Matter of Lambert [Staubach Retail Servs. New England, LLC —Commissioner of Labor]*, 18 AD3d 1049, 1050 [2005]).

Here, there is evidence in the record supporting the Board's determination including that SOH assigned the distributors a specific sales territory (*see Matter of MacFarlane [Aid Assn. for Lutherans Corp.—Commissioner of Labor]*, 35 AD3d 1076, 1077 [2006]; *Matter of Wassey [Kenmark Opt. Co.—Commissioner of Labor]*, 255 AD2d 650, 650 [1998]) and controlled the distributors' profit margins for its national accounts (*see Matter of Noel [Life Alert Emergency Response, Inc.—Commissioner of Labor]*, 38 AD3d at 1083-1084; *Matter of Human Performance, Inc. [Commissioner of Labor]*, 28 AD3d 971, 972 [2006]; *Matter of Braunstein [Dinaire Corp.—Commissioner of Labor]*, 250 AD2d 899, 900 [1998]), which was the majority of their sales. The distributors were required to send in weekly sales receipts to SOH for its national accounts, using computers provided by SOH for a service fee (*see Matter of Aubrey [NGT Lib., Inc.—Commissioner of Labor]*, 8 AD3d 803, 804 [2004]; *Matter of Esposito [National Write Your Congressman—Commissioner of Labor]*, 264 AD2d 927, 928 [1999]). SOH also handled customer complaints made against the distributors (*see Matter of Noel [Life Alert Emergency Response, Inc.—Commissioner of Labor]*, 38 AD3d at 1083-1084; *Matter of MacFarlane [Aid Assn. for Lutherans Corp.—Commissioner of Labor]*, 35 AD3d at 1077).

Despite evidence in the record to the contrary, we find substantial evidence that SOH exercised sufficient control over the distributors to establish an employer-employee relationship (*see Matter of Esposito [National Write Your Congressman—Commissioner of Labor]*, 264 AD2d at 928).

Spain, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the decisions are affirmed, without costs.