■ In the Matter of the Claim of ELLEN T. CHORBA, Respondent. STERLING TESTING SYSTEMS, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [863 NYS2d 522]—

Appeals from two decisions of the Unemployment Insurance Appeal Board, filed June 14, 2007, which, upon reconsideration, adhered to its prior decisions ruling that claimant was entitled to receive unemployment insurance benefits and that Sterling Testing Systems, Inc. was liable for additional unemployment

insurance contributions on remuneration paid to claimant and others similarly situated.

Sterling Testing Systems, Inc. operates a preemployment screening service for clients seeking to hire employees. In connection therewith, Sterling retains researchers, like claimant, to conduct criminal background checks of prospective employment candidates through searching courthouse records. After claimant stopped working for Sterling, she applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board found that she was entitled to receive benefits and that Sterling was liable for additional unemployment insurance contributions paid to claimant and others similarly situated. The Board adhered to its decisions upon reconsideration, and Sterling now appeals.

Sterling argues that claimant and the other similarly situated criminal researchers are not its employees, but rather are independent contractors who are not entitled to receive unemployment insurance benefits. Preliminarily, we note that the existence of an employment relationship is a factual issue for the Board to resolve and its decision will be upheld if supported by substantial evidence (*see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736 [1983]; *Matter of Saalfield [Eber Bros. Wine & Liquor Co.—Commissioner of Labor*, 37 AD3d 928, 929 [2007]). "Crucial to such a determination is whether the alleged employer exercised control over the results or, more importantly, the means by which those results were produced" (*Matter of MacFarlane [Aid Assn. for Lutherans Corp.—Commissioner of Labor]*, 35 AD3d 1076, 1077 [2006] [citation omitted]; *see Matter of Lombard [SOH Distrib. Co., Inc.—Commissioner of Labor*, 52 AD3d 981, 982 [2008]).

In the case at hand, Sterling directed the researchers to work at courthouses in specific geographic areas, required them to be available during courthouse hours, provided them with training on its web-based interface, through which the researchers transmitted their information to Sterling, and reimbursed them for copying expenses. In addition, the researchers were paid by Sterling regardless of when it received payment from its clients. Notwithstanding the existence of contrary evidence adduced at the hearing, the foregoing provides substantial evidence supporting the Board's finding of an employment relationship (*see e.g. Matter of Michaud [Cardinal Claim Servs.—Sweeney]*, 232 AD2d 806 [1996], *lv denied* 89 NY2d 809 [1997]). The existence of written agreements designating claimant and the other researchers as independent contractors does not compel a contrary conclusion (*see Matter of Noel [Life Alert Emergency Re-*

*sponse, Inc.—Commissioner of Labor]*, 38 AD3d 1082, 1084 [2007]; *Matter of Kelly [Frank Gallo, Inc.—Commissioner of Labor]*, 28 AD3d 1044, 1045 [2006], *lv dismissed* 7 NY3d 844 [2006]). Sterling's remaining contentions have been considered and are unavailing.

Mercure, J.P., Peters, Carpinello, Kane and Stein, JJ., concur. Ordered that the decisions are affirmed, without costs.