■ MICHAEL ARANEO, Appellant-Respondent, v TOWN BOARD FOR TOWN OF CLARKSTOWN et al., Respondents-Appellants. [865 NYS2d 281]—

In an action for a judgment declaring, inter alia, that the plaintiff was an employee of the defendant Town of Clarkstown from July 3, 1978, and continuing thereafter, the plaintiff appeals from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated February 28, 2007, as granted those branches of the defendants' motion for summary judgment which were, in effect, to declare that the plaintiff was not an employee during the period subsequent to September 15, 1997, and to declare that the plaintiff was not entitled to any retirement benefits, and denied his cross motion for summary judgment declaring that he was an employee of the defendant Town of Clarkstown from July 3, 1978 to January 14, 2005, and the defendants cross-appeal from so much of the same order as denied that branch of their motion for summary judgment which was, in effect, to declare that the plaintiff was not an employee during the period prior to September 15, 1997.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, and that branch of the defendants' motion for summary judgment which was, in effect, to declare that the plaintiff was not an employee during the period prior to September 15, 1997, is granted, and the matter is remitted to the Supreme Court, Rockland County, for the entry of a judgment declaring that the plaintiff was not an employee of the Town of Clarkstown at any time from July 3, 1978 to January 14, 2005; and it is further,

Ordered that one bill of costs is awarded to the respondents-appellants.

The plaintiff was the owner, president, and sole employee of the corporate entity Michael Araneo, Inc. (hereinafter the corporation). In or about 1970, the plaintiff began performing work for the defendant Town of Clarkstown at the town dump. On September 15, 1997 the plaintiff, on behalf of the corporation, signed an agreement with the Town providing, inter alia, that the corporation would perform certain services at the Town's solid waste facility and other facilities. The contract expressly provided that the corporation and its employees would be acting as independent contractors and were not to be considered employees of the Town. It is undisputed that, at all times, the plaintiff was paid by submitting payment vouchers to the Town Comptroller, that payment was generally made, not to the plaintiff, but to the corporate entity—and entirely to the corporate entity after the contract was signed—that no funds were withheld by the Town for purposes of taxes or insurance,

and that the corporation paid the requisite taxes and insurance on behalf of the plaintiff. It is also undisputed that the corporation carried liability insurance, that it maintained its own offices, that the Town paid the corporation more than an individual employee would have been paid for the same work, and that, in performing the work, the plaintiff used many of his own tools. Moreover, the plaintiff was not instructed on how to perform the work he did for the Town.

On or about January 8, 2002 the plaintiff commenced this action against, among others, the Town, for a judgment declaring that, beginning on July 3, 1978 and continuing thereafter, he was a town employee entitled to all benefits enjoyed by such employees, including but not limited to, pension rights, health care, vacation time, sick leave, and personal time. The defendants moved for summary judgment, in effect, declaring that the plaintiff was not a town employee at any time from July 3, 1978 to January 14, 2005 on the ground that the plaintiff had failed "to provide any evidence to support his claim." The plaintiff cross-moved for summary judgment declaring that he was an employee of the defendant Town of Clarkstown from July 3, 1978 to January 14, 2005. The Supreme Court granted the defendants' motion with respect to retirement benefits for all periods and with respect to the period following the signing of the contract in 1997 and denied their motion with respect to the period preceding the signing of the contract. It also denied the plaintiff's cross motion.

The determination of whether one is an employee or an independent contractor requires examination of all aspects of the arrangement between the parties (*see Matter of Noel [Life Alert Emergency Response, Inc.—Commissioner of Labor]*, 38 AD3d 1082, 1083 [2007]), although "the critical inquiry . . . pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results" (*Bynog v Cipriani Group*, 1 NY3d 193, 198 [2003]; *see Matter of Noel [Life Alert Emergency Response, Inc.—Commissioner of Labor]*, 38 AD3d at 1083; *Bhanti v Brookhaven Mem. Hosp. Med. Ctr.*, 260 AD3d 334, 335 [1999]). "Factors relevant to assessing control include whether the worker (1) worked at his own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll and (5) was on a fixed schedule" (*Bynog v Cipriani Group*, 1 NY3d at 198). The fact that a contract exists designating a person as an independent contractor is to be considered, but is not dispositive (*see Gfeller v Russo*, 45 AD3d 1301, 1303 [2007]; *Matter of Noel [Life Alert Emergency Response, Inc.—*

*Commissioner of Labor]*, 38 AD3d 1082 [2007]; *Shah v Lokhand-wala*, 265 AD2d 396, 397 [1999]).

Here, the record plainly establishes that, at all times at issue, the plaintiff was an independent contractor to the Town and not a town employee. Consequently, the defendants' motion for summary judgment should have been granted in its entirety.

In light of our determination, we need not reach the defendants' remaining contention, which, in any event, is not properly before us.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Rockland County, for the entry of a judgment declaring that the plaintiff was not an employee of the Town of Clarkstown at any time from July 3, 1978, to January 14, 2005 (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *lv dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Fisher, J.P., Carni, McCarthy and Belen, JJ., concur.