Initially, inasmuch as the employer did not establish good cause for its failure to respond to the Department’s requests for information, we find that the Board did not err in failing to consider the employer’s proffered evidence regarding the reason for claimant’s separation from employment (see 12 NYCRR 461.1 [b]; 461.4 [d]; 472.12; Matter of American Home Improvement Prods. [Commissioner of Labor], 261 AD2d 760, 762 [1999]). Turning to the employer’s argument that the determination was not supported by substantial evidence, the record reflects that claimant stated that he was suspended as the result of taking coffee and bathroom breaks that were permitted under his employment contract. The employer’s response asserts simply that claimant was suspended for “disciplinary reasons.” Thus, we find that the Board’s conclusion that claimant’s separation was based upon conduct that did not rise to the level of disqualifying misconduct is supported by substantial evidence (see Matter of Irons [TLC W., LLC — Commissioner of Labor], 79 *1320 AD3d 1511, 1512 [2010]; Matter of Kuryla [Finger Lakes Community Coll. — Commissioner of Labor], 45 AD3d 1129, 1130-1131 [2007]).
The employer’s remaining contentions have been considered and found to be without merit.
Peters, P.J., Rose, Spain, Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.