*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 19, 2015                    519220
_____

In the Matter of the Claim of
    CHRISTOPHER FAHRSON,
                    Respondent.

AARON CASEY INSURANCE AGENCY,              MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  December 2, 2014

Before:  Peters, P.J., Lahtinen, Garry and Lynch, JJ.

————————

        Aaron Casey, Aaron Casey Insurance Company, Rochester, for
appellant.

        Cynthia Feathers, Glens Falls, for Christopher Fahrson,
respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Steven Koton of counsel), for Commissioner of Labor, respondent.

————————

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed October 2, 2013, which ruled, among other
things, that Aaron Casey Insurance Agency was liable for
unemployment insurance contributions based on remuneration paid
to claimant and others similarly situated.

        Claimant worked as an insurance agent with Aaron Casey
Insurance Agency for approximately six months.  After his
employment ended, claimant applied for unemployment insurance
benefits and the Department of Labor determined that claimant was

an employee of Aaron Casey Insurance and that it was liable for contributions based on remuneration paid to claimant and others similarly situated.  Aaron Casey Insurance objected on the ground that claimant was an independent contractor and, following a hearing, an Administrative Law Judge sustained the initial determination and the Unemployment Insurance Appeal Board affirmed.  Aaron Casey Insurance now appeals, and we affirm.

Whether an employee-employer relationship exists "is a factual question to be resolved by the Board and we will not disturb its determination when it is supported by substantial evidence in the record" (Matter of McCollum [Fire Is. Union Free Sch. Dist.—Commissioner of Labor], 118 AD3d 1203, 1203 [2014]; see Matter of Joyce [Coface N. Am. Ins. Co.—Commissioner of Labor], 116 AD3d 1132, 1133-1134 [2014]).  "While no single factor is determinative, control over the results produced or the means used to achieve those results are pertinent considerations, with the latter being more important" (Matter of Joyce [Coface N. Am. Ins. Co.—Commissioner of Labor], 116 AD3d at 1134 [internal quotation marks and citations omitted]; see Matter of MacFarlane [Aid Assn. for Lutherans Corp.—Commissioner of Labor], 35 AD3d 1076, 1077 [2006]).

Here, there is ample evidence to support the finding that Aaron Casey Insurance exercised control over numerous aspects of claimant's work.  For example, claimant was required to work a minimum of 30 hours per week, per a schedule set by Aaron Casey Insurance, and needed permission to take time off.  In addition to servicing customers outside the office, claimant was responsible for performing in-office work, including answering phones and servicing walk-in customers.  Claimant was paid an hourly wage plus commissions and was reimbursed for the costs associated with obtaining his insurance license.  Additionally, claimant was provided training and was required to report back regarding sales leads, his work was reviewed by Aaron Casey Insurance and he had a sales quota and faced termination if it was not met.  In our view, the foregoing is more than sufficient to support the Board's finding of an employment relationship, notwithstanding the existence of other proof that could support a contrary conclusion (see Matter of Joyce [Coface N. Am. Ins. Co.—Commissioner of Labor], 116 AD3d at 1134; Matter of

MacFarlane [Aid Assn. for Lutherans Corp.–Commissioner of Labor], 35 AD3d at 1077).  Aaron Casey Insurance's remaining contentions, including its argument regarding the Board's failure to articulate its consideration of relevant guidelines adopted by the Department in ascertaining claimant's employment status (see Guidelines for Determining Worker Status: Insurance Sales Industry, http://www.labor.ny.gov/formsdocs/ui/ia318.18.pdf), have been examined and found to be lacking in merit.[1]

Peters, P.J., Lahtinen, Garry and Lynch, JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[1]  The Board properly concluded that the parties' agreement did not satisfy the requirements of Labor Law § 511 (21) and, thus, the statute did not bar claimant's application for unemployment insurance benefits.