Rose, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 11, 2014, which assessed Jules Brody for additional unemployment insurance contributions.
Claimant, a lawyer, was retained as a “contract attorney” by Jules Brody, doing business as the law firm of Stull Stull & Brody, to perform document review services in conjunction with the litigation of a class action lawsuit. After his employment ended, claimant applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board ruled that claimant was Brody’s employee and assessed Brody for additional unemployment insurance contributions as a result. Brody now appeals.
We affirm. “Whether an employer-employee relationship exists is a factual determination for the Board, and its decision will be upheld if supported by substantial evidence” (Matter of Armison [Gannett Co., Inc.—Commissioner of Labor], 122 AD3d 1101, 1102 [2014], lv dismissed 24 NY3d 1209 [2015] [internal quotation marks and citations omitted]; see Matter of Guidotti [Swissport USA, Inc.—Commissioner of Labor], 119 AD3d 1265, 1265 [2014]). As here, “in cases where the rendering of professional services is involved, an employment relationship can be found where there is substantial evidence of control over *1309 important aspects of the services performed other than results or means” (Matter of International Student Exch. [Commissioner of Labor], 302 AD2d 834, 835 [2003] [internal quotation marks and citations omitted]; see Matter of LaValley [West Firm, PLLC—Commissioner of Labor], 120 AD3d 1498, 1499 [2014]).
Here, claimant was paid an agreed-upon hourly rate and required to work at least 45 hours a week, but not more than 50. He was also given specified hours each day to report to his assigned work station, he was required to take a daily unpaid 30 minute lunch break and was occasionally required to report to work on weekends. He was allowed to take unpaid days off, provided that he requested the time off in advance. He received daily assignments from an associate attorney of Brody, who supervised his work. In addition to document review, claimant also assisted in the litigation by providing Brody with written memoranda summarizing deposition testimony, work that included claimant’s attendance at meetings with attorneys from other firms involved in the litigation. In our view, substantial evidence supports the Board’s decision that Brody retained sufficient overall control of claimant’s services to establish an employment relationship, despite evidence in the record that could support a contrary conclusion (see Matter of LaValley [West Firm, PLLC—Commissioner of Labor], 120 AD3d at 1499; Matter of Parisi [Commissioner of Labor], 54 AD3d 456, 456 [2008]). The fact that claimant signed a written agreement designating him as an independent contractor does not compel a different result (see Matter of Joyce [Coface N. Am. Ins. Co.—Commissioner of Labor], 116 AD3d 1132, 1135 [2014]; Matter of Noel [Life Alert Emergency Response, Inc.—Commissioner of Labor], 38 AD3d 1082, 1084 [2007]). Brody’s remaining claims have been considered and found to be without merit.
Peters, P.J., Lahtinen and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.