*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 19, 2017                 522340
_____

In the Matter of the Claim of
    MICHAEL K. BROWN,
                    Respondent.

EXPRESS DELIVERY LLC,                      MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  November 15, 2016

Before:  Garry, J.P., Egan Jr., Devine, Clark and Mulvey, JJ.

_____

        Peter Fidopiastis, Queensbury, for appellant.

        Teresa C. Mulliken, Harpersfield, for Michael K. Brown,
respondent.

        Eric T. Schneiderman, Attorney General, New York City (Gary
Leibowitz of counsel), for Commissioner of Labor, respondent.

_____

Mulvey, J.

        Appeals from five decisions of the Unemployment Insurance
Appeal Board, filed March 27, 2015, which ruled, among other
things, that claimant was entitled to receive unemployment
insurance benefits.

        Claimant worked as a courier for Express Delivery LLC and
was required to use his own vehicle to complete his duties.
After his vehicle was damaged beyond repair in a non-work-related
accident, he was unable to continue his employment and he applied

for unemployment insurance benefits.  The Department of Labor issued an initial determination on July 15, 2014, finding that an employer-employee relationship existed between claimant and Express Delivery, and that Express Delivery was liable for unemployment insurance contributions based on remuneration paid to claimant and others similarly situated.  The Department issued another determination on July 30, 2014 finding claimant eligible for unemployment insurance benefits.  Following a combined hearing on both determinations, the Unemployment Insurance Appeal Board ultimately found that Express Delivery had failed to request a hearing regarding the July 15, 2014 finding of an employer-employee relationship within the time limit allotted pursuant to Labor Law § 620.  The Board also found that claimant had good cause to leave his employment and awarded him unemployment insurance benefits.  These appeals ensued.

An employer dissatisfied with the initial determination of a claim for unemployment insurance benefits has 30 days after the mailing or personal delivery of notice of the determination to request a hearing (see Labor Law § 620 [2]; Matter of White [F2 Solutions, LLC—Commissioner of Labor], 138 AD3d 1377, 1378 [2016]).  The Department mailed its initial determination finding an employment relationship between claimant and Express Delivery on July 15, 2014.  The record reflects that Express Delivery did not request a hearing regarding this determination until September 3, 2014.  It contends that it did not file a timely request for a hearing because the Department's subsequent July 30, 2014 determination was confusing and could have been read as denying benefits to claimant, which, according to Express Delivery, would have rendered the issue of conducting a hearing on the July 15, 2014 determination moot.  We disagree.

The issue addressed in the July 15, 2014 determination — whether an employment relationship existed and whether Express Delivery is therefore liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated — is an entirely separate issue, and whether claimant is eligible for benefits based upon his particular circumstances is not determinative as to whether Express Delivery is liable for contributions (see generally Matter of Alemic [Herald Publ. Co.—Commissioner of Labor], 140 AD3d 1565, 1566

[2016]; Matter of Walker [Parents Info. Group for Exceptional Children—Commissioner of Labor], 271 AD2d 769, 770 [2000]). Accordingly, the July 30, 2014 subsequent determination by the Department finding an entitlement to benefits does not render the July 15, 2014 determination moot. If Express Delivery had any concerns about the interpretation of the contradictory language in the July 30, 2014 determination, it could have sought clarification or appealed that determination, which steps it did not take. Further, and contrary to Express Delivery's contention, there is no language in the July 30, 2014 determination indicating that it was intended to supercede the prior determination. In view of this disposition, we need not address the challenge to the assessment against Express Delivery for additional unemployment insurance contributions.

As to the Board's decision regarding claimant's eligibility to receive benefits and whether he voluntarily left his job without good cause, we reach a different conclusion. Eligibility for unemployment insurance benefits is a factual issue for the Board to resolve, and this Court will not disturb the Board's determination if supported by substantial evidence (see Matter of Baez [Tuck It Away—Commissioner of Labor], 126 AD3d 1211, 1211 [2015]; Matter of Faison [Commissioner of Labor], 120 AD3d 1480, 1481 [2014]). Here, in finding that claimant was unable to continue his employment due to circumstances beyond his control, the Board credited claimant's testimony that he was not ticketed for the accident, that he was unable to obtain a loan to purchase another vehicle and that he was willing to work for Express Delivery in a different position that did not require the use of a personal vehicle.

The Board determined that the employment agreement, wherein claimant agreed to provide his own vehicle, was not controlling. On the record before us, we disagree with the Board's conclusion that claimant left his employment with good cause. Although claimant's testimony constituted substantial evidence regarding the circumstances surrounding the loss of the use of the vehicle, it was error to find that this constituted substantial evidence that his separation from his employment was for good cause. We note that claimant admitted that he shared responsibility for the accident with the other driver and that he had entered into a

written employment agreement whereby he agreed to provide his own vehicle and keep it in good operational condition. Further, and importantly, he also agreed that if the vehicle became disabled, he would replace it expeditiously. It is well established that "once the terms of employment have been agreed upon, such terms cannot thereafter be invoked as valid grounds for quitting" (Matter of Orlik [Commissioner of Labor], 257 AD2d 837, 837 [1999]; see Matter of Dougal [Commissioner of Labor], 87 AD3d 781, 782 [2011]). Inasmuch as claimant was aware of the terms of his employment and accepted same, we conclude that he could not later invoke his inability to meet the requirements of his employment, regardless of the circumstances or fault surrounding the loss of the use of his vehicle, as good cause for leaving his employment (see e.g. Matter of Moore [New York Press & Graphics, Inc.—Commissioner of Labor], 32 AD3d 1088, 1088 [2006]). Claimant's inability to obtain a replacement vehicle, cited by the dissent as proof of circumstances beyond claimant's control, was a risk that claimant accepted when he agreed to the terms of his employment. Accordingly, the Board's decision finding that claimant had good cause to leave his employment is not supported by substantial evidence.

Egan Jr. and Devine, JJ., concur.


Clark, J. (concurring in part and dissenting in part).

We agree with the majority that the July 15, 2014 determination of the Unemployment Insurance Appeal Board was not rendered moot by its July 30, 2014 determination; however, our positions diverge on the issue of whether substantial evidence supported the Board's determination that claimant voluntarily left his employment with good cause. Whether a claimant has good cause to voluntarily leave his or her employment is a factual determination for the Board to resolve (see Matter of Alemic [Herald Publ. Co.—Commissioner of Labor], 140 AD3d 1565, 1566 [2016]), and the assessment of witness credibility and the evaluation of evidence and inferences to be drawn therefrom fall within the exclusive province of the Board (see Matter of Di Maria v Ross, 52 NY2d 771, 772 [1980]; Matter of Roberson [Commissioner of Labor], 142 AD3d 1259, 1261 [2016]; Matter of

Malone [Commissioner of Labor], 117 AD3d 1306, 1306 [2014]).  If substantial evidence supports the Board's determination that a claimant had good cause to voluntarily separate from employment, we must uphold that determination (see Matter of Malone [Commissioner of Labor], 117 AD3d at 1306; Matter of Waheed [Commissioner of Labor], 110 AD3d 1428, 1429 [2013]).

Here, both the Administrative Law Judge and the Board squarely addressed the underlying factual issue and resolved it in claimant's favor.  Applying the appropriate legal standard, as above, we therefore should not disturb the Board's determination. The Board specifically found that the total loss of claimant's motor vehicle following an accident outside of work hours constituted good cause for his voluntary separation from his employment as a courier.  The evidence credited by the Board established that claimant was not issued a citation following the accident and that no fault was attributed to him for the cause of that accident.  In addition, the Board credited claimant's testimony that he was unable to secure alternate means of transportation.  In particular, claimant testified that the amount of damage to his vehicle was greater than the value of the vehicle and that, although he received some gap insurance coverage, he still owed $1,000 on his auto loan.  Claimant further stated that he did not have the money for a down payment, that he was informed by a credit union that he could not obtain a new auto loan until the existing loan was paid in full and that he had determined after making several inquiries to rental car companies that using a rental car to perform his courier duties would be too costly.  The Board also credited and found significant claimant's testimony that, prior to separating from his employment, he applied for and was denied a delivery position using a company vehicle.  While the Board recognized that claimant entered into an agreement in which he agreed to use his own personal vehicle in connection with his courier services, and did so for roughly a year and a half, the Board expressly found that claimant was no longer in a position to provide his own transportation due to circumstances that were beyond his control (compare Matter of Moore [New York Press & Graphics, Inc.– Commissioner of Labor], 32 AD3d 1088, 1088 [2006] [the claimant left employment "for personal and noncompelling reasons amounting essentially to his dissatisfaction with a term of his

employment"]; <u>Matter of Chevres [Commissioner of Labor]</u>, 286 AD2d 799, 799 [2001] [the claimant left employment for "personal and noncompelling reasons"]).  In our view, substantial evidence supported the Board's determination that claimant had good cause to voluntarily leave his employment and, as such, we would not disturb it.  Accordingly, we would affirm.

Garry, J.P., concurs.

ORDERED that the decisions are modified, without costs, by reversing so much thereof as ruled that claimant was eligible to receive unemployment insurance benefits; matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court