In the Matter of the Claim of WILLIAM F. DAVIS, Respondent. RTC TRANSPORTATION, INC., Appellant; LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Levine, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 28, 1984, which assessed the employer the sum of $18,875 as contributions due for the audit period from September 14, 1981 through September 12, 1982.

In September of 1981, claimant entered into a contract with RTC Transportation, Inc. (RTC) wherein he agreed to perform

services as a truck driver, using a tractor trailer which he purchased on the installment plan from RTC. In September of 1982, RTC terminated the contract. Claimant then filed for unemployment insurance benefits. RTC was assessed for contributions relating thereto, having been determined to be claimant's employer.

On this appeal, RTC contends that the Unemployment Insurance Appeal Board's finding that claimant was its employee rather than an independent contractor is not based on substantial evidence in the record. We cannot agree. As noted in the Board's opinion, the record contains a considerable amount of evidence of the control which RTC exercised over claimant's employment, e.g., RTC assigned jobs to claimant and directed him where to pick up and drop off loads. RTC's name was painted on claimant's tractor and it owned the trailers which claimant hauled. Claimant was permitted to use other drivers on his assignments only if they had first been approved by RTC. Further, claimant was required to call RTC's dispatch offices at various points along his route, and he had to submit a trip log, shipping documents and fuel receipts to RTC at the end of each assignment and prior to being compensated.

The issue of whether an employment relationship exists is a question of fact for the Board's determination which, if based on substantial evidence, may not be disturbed (*Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736). While no single factor is dispositive in the resolution of this issue, the amount of control exercised over a claimant is a significant factor to be considered (*Matter of Adamo [Roberts]*, 92 AD2d 1056). As outlined above, there were sufficient indicia of RTC's direct control over claimant's employment to constitute substantial evidence in support of the Board's finding of an employment relationship. While there is arguably some evidence in the record of the independent nature of claimant's employment which might have supported a contrary conclusion, there is still a sufficient evidentiary foundation for the Board's determination to place it beyond our review (*Matter of Concourse Ophthalmology Assoc. [Roberts], supra*, p 736).

Decision affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.