■ In the Matter of the Claim of JOSELYN WEBLEY, Respondent. GRAPHIC TRANSMISSIONS, INC., Appellant; LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Levine, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 9, 1986.

Graphic Transmissions, Inc., is a package delivery service operating in the New York City metropolitan area. Claimant and others contracted with Graphic to carry out these deliveries using their own vehicles. There was a written contract between Graphic and claimant in which the owner-drivers were denominated independent contractors. Following the termination of claimant's relationship with Graphic, claimant applied for unemployment insurance benefits. A hearing was held before an Administrative Law Judge (ALJ) to determine claimant's eligibility for benefits. The ALJ ruled that claimant and others similarly situated were employees and not independent contractors. The findings of the ALJ were adopted by the Unemployment Insurance Appeal Board and this appeal by Graphic ensued.

Graphic maintains that the Board's decision was not supported by substantial evidence. In support of this contention, it relies on *Matter of Ted Is Back Corp. (Roberts)* (64 NY2d 725, 726), which held that "incidental control over the results produced without further indicia of control over the means employed to achieve the results will not constitute substantial evidence of an employer-employee relationship". Graphic argues that its only interest was in the results produced by the drivers (i.e., the delivery of parcels) and that it exercised no control over the manner in which the drivers carried out their work. However, in addition to the control over results, there was also evidence adduced at the hearing that (1) the drivers were given laminated cards identifying them as Graphic's delivery personnel and specifying a date described as the drivers' "employment date"; (2) Graphic had sole control over access to the customers and the rates charged for the service; (3) Graphic set the rate earned as commissions; (4) Graphic paid for workers' compensation coverage for the drivers; (5) the forms used by the drivers while making deliveries bore Graphic's letterhead; (6) the drivers were required under the contract to keep their vehicles clean, garaged and in good working order; (7) deliveries were to be made with reasonable promptness; and (8) drivers were expected to be neatly dressed, courteous and available to Graphic on a regular basis.

The foregoing evidence of indicia of control over the drivers constitutes substantial evidence of an employer-employee relationship. In these respects the instant case is factually similar to *Matter of Ross (Majestic Messenger Serv.—Roberts)* and *Matter of Rivera (State Line Delivery Serv.—Roberts)* (69 NY2d 679, cert denied — US —, 95 L Ed 2d 837), wherein the Court of Ap-

peals held that there was substantial evidence supporting the Board's factual determinations that the delivery personnel in those cases were employees. Although Graphic relies on evidence which could have supported a contrary conclusion, where, as here, the Board's findings are supported by substantial evidence, the judicial inquiry is complete (*Matter of Rivera [State Line Delivery Serv.—Roberts], supra,* at 682).

Graphic contends that some of the Board's findings are contrary to the evidence in the record. Specifically, Graphic argues that the finding that it bore the cost of workers' compensation for the drivers is contrary to the unrebutted testimony of Robert Newell, Graphic's general counsel, that these costs were offset against the drivers' commissions. However, the Board could well have found that this testimony was inconsistent with the terms of remuneration in the contracts between Graphic and the drivers, which contained no provision for any such deduction. In addition, no payroll records were introduced by Graphic to corroborate Newell's testimony. Hence, the weight or probative value of that testimony was not so great as to be conclusive on the Board.

We also reject Graphic's contention that the Board erred in finding that claimant was not in business for himself. Graphic maintains that claimant's vehicle had commercial plates registered in claimant's name and that the name of his own business was displayed on the side of the vehicle. The witness who testified to this, however, admitted that he had never looked at the side of complainant's vehicle and did not know what business name, if any, was displayed thereon. Since there was no direct evidence that claimant actually had his own business, the Board did not err as a matter of law in concluding that he did not.

Decision affirmed, without costs. Main, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.