■ In the Matter of the Claim of DAVID M. HERBENER, Respondent. PACIFIC DELIGHT TOURS, INC., Appellant; JOHN F. HUDACS, as Commissioner of Labor, Respondent.—Appeals from two decisions of the Unemployment Insurance Appeal Board, filed August 23, 1991, which, *inter alia,* assessed Pacific Delight Tours, Inc. for unemployment insurance contributions.

There is substantial evidence in the record to support the conclusion by the Unemployment Insurance Appeal Board that Pacific Delight Tours, Inc. (hereinafter Pacific) exercised sufficient supervision and control over claimant and other tour escorts to establish their status as employees *(see, Matter of Davis [RTC Transp.—Roberts],* 111 AD2d 1030; *Matter of Dance Caravan Prods. [Catherwood],* 30 AD2d 595). Pacific arranged for the foreign tour itineraries, made the hotel and airline reservations, and arranged for travel documents. The tour escorts were interviewed and hired by the managers of Pacific's local offices, who also made sure that the escorts were bilingual. The escorts' duties included meeting the tour passengers at the airport of departure, assisting with travel arrangements, conducting orientation sessions, following the tour itinerary and serving as interpreters. They wore Pacific's lapel button and were required to keep a log and report any schedule changes back to the local managers. Pacific paid their salary as determined by the local office based upon their experience and complaints regarding their performance were directed to Pacific. Although there is evidence which may have supported another conclusion, that does not mandate a reversal of the Board's decision *(see, Matter of Furno [Panasonic Co.—Roberts],* 102 AD2d 937, 938, *lv denied* 63 NY2d 610). In addition, the Board's conclusion that the tour escorts fell within the strictures of Labor Law § 511 (5) (b) (1) is not in

error. While Pacific argues that the statute does not require that actual contributions have been made in another State, but rather only that such contributions be authorized in the other State, the Board's interpretation of the statute to the contrary was not irrational or unreasonable and should therefore be upheld *(see, Matter of Miller [Ross],* 78 AD2d 561).

Mikoll, J. P., Crew III, Mahoney, Casey and Harvey, JJ., concur. Ordered that the decisions are affirmed, without costs.