■ In the Matter of the Claim of ALICIA A. LATZER, Respondent. ALLIED BUS CORPORATION, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [606 NYS2d 449] —Cardona, P. J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 30, 1992, which, *inter alia,* assessed Allied Bus Corporation for unemployment insurance contributions.

Although there is evidence in this record which may have supported another conclusion, we find that there is substantial evidence to support the decision of the Unemployment Insurance Appeal Board that Allied Bus Corporation exercised or

reserved sufficient supervision, direction or control over claimant's services to establish an employer-employee relationship *(see, Matter of Herbener [Pacific Delight Tours—Hudacs],* 187 AD2d 804). Allied is a tour bus company which solicits internationally and arranges tours for visitors from abroad. Allied's tour packages generally include bus, travel, hotel accommodations and a tour guide.

Claimant is an experienced tour guide who advertises for her services through a tour guide association which publishes a list of its members. In September 1990, claimant was hired through the list of tour guides by Allied for a 10-day tour of the northeastern United States. In addition to the list of passengers, claimant also received from Allied a printed itinerary which she was required to follow. Allied also provided reserved hotel rooms, a bus and driver with point-to-point route instructions, and forms for claimant to fill out if, for example, a group member had an accident or excess luggage. She also received the Allied's money from travelers for optional excursions sold on the tour and settled accounts with Allied at the end of the tour. Claimant notified Allied that the tour was completed and a check requisition was drawn up. Allied received feedback from claimant when necessary. She was paid a lump sum based upon a standard daily rate which was not negotiable. This record does not mandate a reversal of the Board's decision.

Mikoll, Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.