■ In the Matter of the Claim of JOHN SHORT, Respondent. RANGER TRANSPORTATION, Appellant; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [649 NYS2d 955] —Mercure, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 29, 1995, which ruled that claimant was entitled to receive unemployment insurance benefits.

In November 1988, claimant, an independent freight hauler and sole proprietor of Big John's Trucking, entered into a

contract with Ranger Transportation whereby Big John's agreed to load and transport freight for Ranger in exchange for 75% of the revenue derived from each haul. Ranger terminated its relationship with Big John's in March 1992, and claimant filed for unemployment insurance benefits. The Department of Labor determined that claimant was an independent contractor but an Administrative Law Judge reversed the initial determination, finding that because Ranger exercised or reserved the right to exercise control, supervision and direction over claimant's performance of driving services, an employer-employee relationship existed. On administrative appeal, the Unemployment Insurance Appeal Board affirmed. Ranger now appeals to this court.

We affirm. The evidence adduced at the administrative hearing established that Ranger arranged all of claimant's jobs, set the freight charges and supplied invoices and shipping orders for claimant's loads. Although claimant was the owner of the tractor trailer and was responsible for keeping it insured and in good repair, Ranger's name was painted on the truck's doors. In addition, claimant was informed by a Ranger representative when and where to pick up loads and where to deliver them. Although claimant was free to decline loads, he could not haul for anyone else without Ranger's permission. During hauls, claimant was required to keep in touch with Ranger's various satellite offices by radio, and claimant carried a Ranger identification card, was given a Ranger toll-free telephone number for emergencies and held himself out to customers to be a representative of Ranger. In the event that claimant required a helper, that individual was compensated by Ranger and not by claimant. Finally, Ranger distributed memoranda to drivers, including claimant, threatening fines and other disciplinary sanctions for unacceptable work performance. In fact, there were occasions when Ranger actually threatened claimant with fines, although no such fines were ever imposed, and failed to cancel the memos even after it discovered that it lacked the power to impose fines.

The question of whether an employer-employee relationship exists involves a determination of whether there is sufficient evidence of either control over the results achieved or control over the means used to achieve those results (see, *Matter of Rivera [State Line Delivery Serv.—Roberts]*, 69 NY2d 679, *cert denied* 481 US 1049). Here, there is substantial evidence to support the finding of the Board that Ranger exercised sufficient overall control over claimant's services to establish his status as an employee (see, *Matter of McKenna [Can Am Rapid*

*Courier—Sweeney]*, 233 AD2d 704 [decided herewith]; *Matter of Santamore [Hudacs]*, 193 AD2d 849; *Matter of Sortina [Gant & Assocs.—Hartnett]*, 161 AD2d 922, 923, *appeal dismissed* 76 NY2d 888, *lv denied* 77 NY2d 801). The fact that the contract between Ranger and Big John's was characterized as a lease agreement is not determinative of the parties' actual status (*see, Matter of McKenna [Can Am Rapid Courier—Sweeney]*, *supra*; *Matter of Pepsi Cola Buffalo Bottling Corp. [Hartnett]*, 144 AD2d 220). Finally, the fact that certain of the elements of Ranger's control were designed to meet certain statutory and regulatory requirements does not compel a contrary result (*see, Matter of Sortina [Gant & Assocs.—Hartnett]*, *supra*; *see also, Matter of Santamore [Hudacs]*, *supra* [employer paid for insurance and inspection]; *Matter of Davis [RTC Transp.—Roberts]*, 111 AD2d 1030 [employer's name painted on driver's truck]).

Cardona, P. J., Casey, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.