■ In the Matter of the Claim of RANDY J. WRIGHT, Respondent. CENTRAL TRANSPORT, INC., Appellant. COMMISSIONER OF LABOR, Respondent. [871 NYS2d 459]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 24, 2007, which ruled that Central Transport, Inc. was liable for additional unemployment insurance contributions based upon remuneration paid to claimant and others similarly situated.

"Whether an employer-employee relationship exists is a factual question to be resolved by the [Unemployment Insurance Appeal] Board and its determination in that regard will be upheld so long as it is supported by substantial evidence, even where record evidence could support a contrary conclusion" (*Matter of Sepulveda [Myles-Pat Assoc., Inc.—Commissioner of Labor]*, 46 AD3d 1031, 1032 [2007] [citations omitted]; *see Matter of Singh [Thomas A. Sirianni, Inc.—Commissioner of Labor]*, 43 AD3d 498, 498-499 [2007]). Here, claimant hauled freight for Central Transport, Inc., a "less than truck load" carrier that picks up and delivers small shipments within a particular geographic area. To accomplish this task, claimant utilized a truck he leased from Central's parent company and trailers owned or otherwise provided by Central. Claimant bid on and was then assigned a specific geographic area (*see Matter of Lombard [SOH Distrib. Co., Inc.—Commissioner of Labor]*, 52 AD3d 981, 982 [2008]; *Matter of MacFarlane [Aid Assn. for Lutherans Corp.—Commissioner of Labor]*, 35 AD3d 1076, 1077 [2006]), required to display Central's logo on his truck while he was hauling for them (*see Matter of Davis [RTC Transp.—Roberts]*, 111 AD2d 1030, 1031 [1985]) and provided with pallets and a forklift to assist in the loading of his truck. Additionally, claimant was required to submit daily invoices for his deliveries, which were subject to review, and was paid at the rate specified in the contract he executed with Central. Although claimant did not have a set schedule and was obligated to find a replacement driver if he was unavailable, Central retained the authority to object to the replacement driver based on safety or competency concerns. Similarly, if claimant failed to show or provide a replacement driver, Central would attempt to reassign claimant's deliveries or have one of its "employee drivers" haul claimant's load. Central also resolved all customer complaints (*see Matter of Lombard [SOH Distrib. Co., Inc.—Commissioner of Labor]*, 52 AD3d at 982; *Matter of MacFarlane [Aid Assn. for Lutherans Corp.—Commissioner of Labor]*, 35 AD3d at 1077). Thus, notwithstanding the existence of a written contract identifying claimant as an independent contractor and other ev-

idence in the record that could support a contrary result, we nonetheless conclude that the record as a whole contains substantial evidence to support the Board's finding of an employer-employee relationship (*see Matter of Kelly [Frank Gallo, Inc.—Commissioner of Labor]*, 28 AD3d 1044 [2006], *lv dismissed* 7 NY3d 844 [2006]; *Matter of Davis [RTC Transp.— Roberts]*, 111 AD2d at 1031). Central's remaining arguments have been examined and found to be lacking in merit. Accordingly, the Board's decision is affirmed.

Cardona, P.J., Mercure, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.