■ In the Matter of the Claim of Jason O'Connor, Respondent. 2020 Powervision, Ltd., Appellant; Commissioner of Labor, Respondent. [890 NYS2d 663]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 1, 2008, which ruled that 2020 Powervision, Ltd. is liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

Claimant worked as a sales representative for 2020 Powervision, Ltd. (hereinafter Powervision), a company that contracted with other companies such as Verizon to engage in direct sales of telecommunications and video services. After working for Powervision for approximately one month, claimant applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board subsequently ruled that claimant was an employee of Powervision and that Powervision was liable for additional unemployment insurance contributions on remuneration paid to claimant and other similarly situated sales representatives. Powervision appeals.

The existence of an employer-employee relationship is a factual determination to be made by the Board and it will not be disturbed if supported by substantial evidence, despite the existence of record evidence that may have supported a contrary conclusion (*see Matter of Wright [Central Transp., Inc.— Commissioner of Labor]*, 58 AD3d 988, 989 [2009], *lv dismissed*

12 NY3d 843 [2009]; *Matter of Saalfield [Eber Bros. Wine & Liq. Co.—Commissioner of Labor]*, 37 AD3d 928, 929 [2007]). Here, claimant testified that he was directed to report to work every day at 11:45 A.M. in order to make sales calls from noon to 8:00 P.M., contact the office when he reached his sales territory, provide a daily report to the general manager of his activities, including results, and contact the office on days he was going to be absent or face discipline. Thus, notwithstanding the fact that claimant signed an independent contractor agreement, there is substantial evidence that Powervision exercised a sufficient degree of control over claimant's work to support the Board's finding that claimant was an employee (*see Matter of Wright [Central Transp., Inc.—Commissioner of Labor]*, 58 AD3d at 989-990; *Matter of Aubrey [NGT Lib., Inc.—Commissioner of Labor]*, 8 AD3d 803, 804-805 [2004]; *Matter of Nielsen [Barrier Window Sys.—Commissioner of Labor]*, 261 AD2d 743, 743 [1999]; *Matter of Tupis [Miles Home Servs.—Sweeney]*, 234 AD2d 834, 835 [1996]; *cf. Matter of Rodriguez [2020 Video Voice Data, Ltd.—Commissioner of Labor]*, 58 AD3d 929, 930 [2009]).

Petitioner's remaining contentions, including that collateral estoppel should have been accorded to this proceeding, have been examined and determined to be without merit.

Mercure, J.P., Peters, Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.