*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 20, 2014       517770
                                              517771
                                              517772
                                              517774
                                              517780
                                              517781

_____

In the Matter of the Claim of
    SAMANTHA M. ARMISON,
                    Respondent.

GANNETT COMPANY, INC.,
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.

(Claim No. 1.)
_____

In the Matter of the Claim of
    TIMOTHY P. MILLER,
                    Respondent.          MEMORANDUM AND ORDER

GANNETT COMPANY, INC.,
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.

(Claim No. 2.)
_____

In the Matter of the Claim of
    LESLIE S. LUTHER,
                    Respondent.

GANNETT COMPANY, INC.,
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.

(Claim No. 3.)

517770
517771
517772
517774
517780
517781

_____

In the Matter of the Claim of
    THERON V. WIGGINS,
                    Respondent.

GANNETT COMPANY, INC.,
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.

(Claim No. 4.)
_____

In the Matter of the Claim of
    MARTIN J. REDDER,
                    Respondent.

GANNETT COMPANY, INC., on
    Behalf of GANNETT
    SATELLITE INFORMATION
    NETWORK, INC.,
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.

(Claim No. 5.)

-3-                    517770
                       517771
                       517772
                       517774
                       517780
                       517781

_____

In the Matter of the Claim of
    JONATHAN R. MORRIS,
                    Respondent.

GANNETT COMPANY, INC.,
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.

(Claim No. 6.)
_____


Calendar Date:   October 9, 2014

Before:  Stein, J.P., Garry, Rose, Lynch and Devine, JJ.

_____

        Zinser Law Firm, Nashville, Tennessee (L. Michael Zinser,
pro hac vice) and Woods, Oviatt, Gillman, LLP, Rochester (Andrew
A. Ryan of counsel), for appellant.

        James W. Cooper, Warrensburg, for Samantha M. Armison and
others, respondents.

        Eric T. Schneiderman, Attorney General, New York City (Mary
Hughes of counsel), for Commissioner of Labor, respondent.

        Satterlee Stephens Burke & Burke, LLP, New York City (Mark
A. Fowler of counsel), for New York News Publishers Association,
amicus curiae.

_____

-4-                        517770
                                  517771
                                  517772
                                  517774
                                  517780
                                  517781

Devine, J.

Appeals from 12 decisions of the Unemployment Insurance Appeal Board, filed January 4, 2013, which ruled that claimants were entitled to receive unemployment insurance benefits.

These six claimants contracted with Gannett Company, Inc. and Gannett Satellite Information Network, Inc. (hereinafter collectively referred to as Gannett) to deliver newspapers and other publications. After the Commissioner of Labor deemed claimants to be employees and therefore eligible to receive unemployment insurance benefits, Gannett objected and requested a hearing on the determination. The Administrative Law Judge held a combined hearing and, as is pertinent here, sustained the initial determination as to four of the claimants, continued in effect the initial determination as to another claimant and overruled the initial determination as to the final claimant. Upon appeals by Gannett and the Commissioner of Labor, the Unemployment Insurance Appeal Board, following a combined hearing, found claimants and all similarly situated persons to be employees. Gannett now appeals to this Court.

Gannett insists that claimants were independent contractors and that the Board's decision was not supported by substantial evidence and was arbitrary and capricious. Whether an employer-employee relationship exists "is a factual determination for the Board, and its decision will be upheld if supported by substantial evidence" (Matter of John Lack Assoc., LLC [Commissioner of Labor], 112 AD3d 1042, 1043 [2013]; see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; Matter of Wright [Central Transp., Inc.—Commissioner of Labor, 58 AD3d 988, 989 [2009], lv dismissed 12 NY3d 843 [2009]). "While no single factor is determinative, control over the results produced or the means used to achieve those results are pertinent considerations, with the latter being more important" (Matter of Automotive Serv. Sys., Inc. [Commissioner of Labor], 56 AD3d 854, 855 [2008] [citations omitted]; see Matter of John Lack Assoc., LLC [Commissioner of Labor], 112 AD3d at 1043).

-5-                            517770
                                517771
                                517772
                                517774
                                517780
                                517781

Here, while there is evidence to support a contrary outcome (see Matter of Interlandi [Cremosa Foods Co., LLC – Commissioner of Labor], 70 AD3d 1150, 1151 [2010]), we find that the record contains substantial proof to support the Board's finding that Gannett exercised control over claimants' work. Gannett assigned claimants specific routes within predetermined delivery areas, required proof of a driver's license and vehicle insurance where a vehicle was used to make deliveries and, while claimants were permitted to use a substitute carrier to fulfill delivery duties, they were required by contract to provide Gannett with proof that the substitute had a driver's license and insurance if a vehicle would be used to complete deliveries. Additional contractual provisions included, among other things, requirements that claimants remove unsold publications from newspaper racks, ensure that racks were properly maintained, reserve publications of vacationing customers and create and maintain accurate circulation records that could be turned over, upon notice, to Gannett. Further, Gannett controlled other aspects of claimants' activities, including directives to not insert or attach "foreign matter on, into or with copies of any publication, nor insert copies of any publication into or with copies of any other publication" without receiving Gannett's approval. Notwithstanding the existence of evidence in the record that could weigh in favor of a finding that claimants were independent contractors, including that the operating agreements expressly designated claimants as independent contractors, in light of the indicia of control that Gannett had over claimants, we find that substantial evidence supports the Board's decisions in these matters (see Matter of O'Connor [2020 Powervision, Ltd.– Commissioner of Labor], 67 AD3d 1302, 1303 [2009]; Matter of Aubrey [NGT Lib., Inc.–Commissioner of Labor], 8 AD3d 803, 804-805 [2004]).

Finally, we consider Gannett's claim that the Board failed to acknowledge and apply Department of Labor guidelines for determining the existence of an employer-employee relationship within the newspaper industry, thereby rendering the underlying determinations arbitrary and capricious. Although the Board's

517770
517771
517772
517774
517780
517781

written decisions do not specifically refer to Department guidelines, we conclude that the instant decisions are wholly consistent with such guidelines and their express adoption of well-established "common law tests of master and servant." Importantly, the guidelines emphasize that an individual is considered an independent contractor "only when free from control and direction in the performance of services."[1]  In its consideration of the nature of claimants' relationship to Gannett, the Board's decisions reflect its consideration of the Department guidelines and employer-employee principles upon which they were based.

The remaining contentions not addressed herein have been considered and found to be unavailing.

Stein, J.P., Garry, Rose and Lynch, JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[1]  The Department guidelines caution employers to seek a formal determination of the status of those persons providing services for purposes of unemployment insurance, which Gannett failed to do.