*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 19, 2015                519696
_____

In the Matter of the Claim of
    DANIEL YOUNGMAN,
                    Respondent.

RB HUMPHREYS INC.,                      MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  January 20, 2015

Before:  Peters, P.J., Garry, Rose and Lynch, JJ.

_____

        Hancock & Estabrook, Syracuse (Robert Whitaker Jr. of
counsel), for appellant.

        James W. Cooper, Warrensburg, for Daniel Youngman,
respondent.

_____

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed December 18, 2013, which ruled, among other
things, that RB Humphreys Inc. was liable for unemployment
insurance contributions based on remuneration paid to claimant
and others similarly situated.

        RB Humphreys Inc. is engaged in the business of delivering
time and temperature sensitive materials.  Claimant was initially
employed by RB Humphreys to deliver fresh seafood to locations in
central New York.  In 2010, however, he executed an agreement
contemplating that he would perform the same work as an
independent contractor.  After this relationship ended in 2011,
claimant applied for unemployment insurance benefits.  The

Unemployment Insurance Appeal Board ultimately found, as is relevant here, that claimant was an employee of RB Humphreys from 2010 onward. RB Humphreys appeals.

We affirm. It is well established "that the existence of an employment relationship is a factual issue for the Board to decide and its determination will be upheld if supported by substantial evidence" (Matter of Spielberger [Commissioner of Labor], 122 AD3d 998, 999 [2014]; see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]). "An employer-employee relationship exists when the evidence shows that the employer exercises control over the results produced or the means used to achieve the results," with control over the latter of more significance (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d at 437 [citation omitted]; see Matter of Spielberger [Commissioner of Labor], 122 AD3d at 999).

Here, RB Humphreys would notify claimant of the delivery dates and times after consulting with its customers. Claimant was paid by RB Humphreys, and it was RB Humphreys that billed the customers. RB Humphreys further handled customer complaints and, barring negligence on the part of claimant, remained responsible for deliveries that were late or included damaged goods. Claimant also used a truck owned by RB Humphreys and, while the truck was provided pursuant to a lease purchase agreement, he never received title to the truck. Moreover, claimant was bound by a one-year noncompetition restriction after the termination of his services. Thus, notwithstanding evidence that could support a different result, the foregoing facts provide substantial evidence to support the finding of an employer-employee relationship between claimant and RB Humphreys (see Matter of Rivera [State Line Delivery Serv.—Roberts], 69 NY2d 679, 682 [1986], cert denied 481 US 1049 [1987]; Matter of Kelly [Frank Gallo, Inc.—Commissioner of Labor], 28 AD3d 1044, 1044-1045 [2006], lv dismissed 7 NY3d 844 [2006]; Matter of CDK Delivery Serv. [Hartnett], 151 AD2d 932, 933 [1989]).

The remaining arguments of RB Humphreys, to the extent they are properly preserved for our review, have been examined and found to be lacking in merit.

-3-                              519696

Peters, P.J., Garry, Rose and Lynch, JJ., concur.


ORDERED that the decisions are affirmed, without costs.




                              ENTER:

                              Robert D. Mayberger
                              Clerk of the Court