*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 16, 2015          519608
_____

In the Matter of the Claim of
    CHRISTOPHER L. WATSON,
                    Respondent.

PARTSFLEET INC.,                          MEMORANDUM AND ORDER
                Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  February 24, 2015

Before:  Peters, P.J., McCarthy, Rose and Devine, JJ.

                    _____

        Littler Mendelson, PC, New Haven, Connecticut (Stephen Rosenberg of counsel), for appellant.

        Dan M. Walters, Fairpoint, for Christopher L. Watson, respondent.

        Eric T. Schneiderman, Attorney General, New York City (Dawn A. Foshee of counsel), for Commissioner of Labor, respondent.

                    _____

        Appeals from two decisions of the Unemployment Insurance Appeal Board, filed November 4, 2013, which ruled that claimant was entitled to receive unemployment insurance benefits and that Partsfleet Inc. was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

        Partsfleet Inc. is in the business of providing logistics and dispatch services for the delivery of auto parts and related products to its customers.  It entered into a written agreement

with Subcontracting Concepts, Inc. (hereinafter SCI) to broker transportation services for its business. From November 2009 until May 2010, claimant worked as a delivery driver servicing Partsfleet's customers. After claimant ceased providing delivery services, he filed a claim for unemployment insurance benefits. Following extended proceedings, the Unemployment Insurance Appeal Board ruled that an employment relationship existed between claimant and Partsfleet entitling claimant to receive benefits. In addition, the Board assessed Partsfleet for additional unemployment insurance contributions based on remuneration paid to claimant and others similarly situated. Partsfleet appeals.

Initially, it is well settled that the existence of an employment relationship is a factual question for the Board to resolve and its decision will be upheld if supported by substantial evidence (see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; Matter of Spielberger [Commissioner of Labor], 122 AD3d 998, 999 [2014]). The pertinent inquiry is whether the purported employer retained control over the results produced or the means used to produce those results, with control over the latter being more important (see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]; Matter of Armison [Gannett Co., Inc.—Commissioner of Labor], 122 AD3d 1101, 1102 [2014], lv dismissed 24 NY3d 1209 [2015]).

Here, although Partsfleet had a contract with SCI and it was SCI that issued claimant's paychecks, SCI had no involvement in the services that claimant performed. Claimant was retained as a delivery driver following a short interview with a Partsfleet representative and a check of his motor vehicle record. Partsfleet trained him on the operation of a scanner used to schedule and track customer deliveries, and briefed him on the requirements of the customers. The delivery schedule was set by Partsfleet based upon customer requests, and it monitored deliveries via the scanner. Claimant was paid based on the particular delivery route that he had completed at a rate that Partsfleet set with its customer, and claimant was paid if he completed the route regardless of whether the customer paid Partsfleet. Claimant worked out of a warehouse that belonged to one of Partfleet's customers and that is where he left his

completed route sheets, which were then collected by a Partsfleet representative. Any problems with deliveries were generally handled by a Partsfleet representative. Although claimant could work for other companies and find replacements if he could not work a particular route, the replacements had to be approved by Partsfleet. The foregoing establishes that Partsfleet maintained control over important aspects of claimant's work as was necessary to insure that its customers' needs were satisfied. Accordingly, substantial evidence supports the Board's finding that an employment relationship existed between claimant and Partsfleet thereby entitling him to receive benefits (see Matter of Lombard [SOH Distr. Co., Inc.–Commissioner of Labor], 52 AD3d 981, 982 [2008]; Matter of Ganapathy [Zurich Depository Corp.– Sweeney], 243 AD2d 981, 981 [1997]).

We reach a different conclusion, however, with respect to the Board's assessment of additional contributions based on remuneration paid to individuals who were similarly situated to claimant. The scope of the hearing was specifically limited to the issue of whether there was an employment relationship between claimant and Partsfleet. Significantly, no evidence was adduced pertaining to other individuals who provided delivery services.[1] In view of this, we find that substantial evidence is lacking with respect to the assessment of additional contributions based on the remuneration paid to these similarly situated individuals, and the Board's decision in this regard must be reversed (see Matter of Viau [New York State Off. of Ct. Admin.–Commissioner of Labor], 125 AD3d 1223, 1227 [2015]).

Peters, P.J., McCarthy, Rose and Devine, JJ., concur.

---

[1] Notably, there is some indication that the arrangement that Partsfleet had with the delivery drivers changed subsequent to May 2010 when claimant ceased making deliveries.

ORDERED that the decisions are modified, without costs, by reversing so much thereof as found that all persons similarly situated to claimant are employees of Partsfleet Inc., and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court