*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 19, 2015          520314
_____

In the Matter of the Claim of
    DICK WILDER,
                    Respondent.

RB HUMPHREYS INC.,                          MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____


Calendar Date:   October 15, 2015

Before:  Garry, J.P., Egan Jr., Rose and Clark, JJ.


_____


        Hancock & Estabrook, Syracuse (Robert Whitaker Jr. of
counsel), for appellant.

        Michelle I. Rosien, Philmont, for Dick Wilder, respondent.


_____


Rose, J.

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed March 24, 2014, which ruled, among other
things, that RB Humphreys Inc. was liable for unemployment
insurance contributions on remuneration paid to claimant and
others similarly situated.

        Claimant was a tractor trailer driver for RB Humphreys
Inc., a trucking company engaged in the business of transporting,
primarily, food products.  After claimant's relationship with RB
Humphreys ended and he applied for unemployment insurance
benefits, the Unemployment Insurance Appeal Board, among other
things, assessed RB Humphreys for additional unemployment

insurance contributions on the ground that claimant and others similarly situated were its employees rather than independent contractors.  This appeal by RB Humphreys ensued.

"It is well settled that [w]hether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the . . . [B]oard, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary decision" (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010] [internal quotation marks and citations omitted]).  The indicia of control retained by RB Humphreys herein are similar to those identified in establishing an employer-employee relationship in Matter of Youngman (RB Humphreys, Inc.-Commissioner of Labor) (126 AD3d 1225 [2015], lv dismissed 25 NY3d 1192 [2015]).  Here, claimant entered a lease purchase agreement for use of a truck owned by RB Humphreys.  RB Humphreys retained exclusive use of the vehicle while under lease and did not relinquish the title until the full purchase price was paid.  RB Humphreys set the pay rate for claimant, who, absent negligence on his part, was paid regardless of whether the customer ultimately paid RB Humphreys.  Although claimant could refuse assignments, testimony established that his lease purchase agreement would be terminated if an assignment was not accepted within a certain period of time.  Furthermore, pursuant to the service contract with RB Humphreys, claimant was subject to a one-year noncompete clause following the cessation of their relationship.  Contrary to RB Humphreys' contention, we find that the Board's factual findings are supported by the testimony and documentary evidence in the record.  Moreover, notwithstanding evidence that could support a different conclusion, substantial evidence supports the determination that am employer-employee relationship exists between RB Humphreys and claimant (see Matter of Rivera [State Line Delivery Serv.-Roberts], 69 NY2d 679, 682 [1986], cert denied 481 US 1049 [1987]; Matter of Youngman [RB Humphreys Inc.-Commissioner of Labor], 126 AD3d at 1226).  Although, as a motor carrier, RB Humphreys is subject to various statutory and regulatory requirements, this does not compel a contrary result (see Matter of Short [Ranger Transp.-Sweeney],

233 AD2d 676, 678 [1996]).  RB Humphreys' remaining contentions have been reviewed and found to be without merit.

Garry, J.P., Egan Jr. and Clark, JJ., concur.


ORDERED that the decisions are affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court