*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 19, 2015          520224
_____

In the Matter of the Claim of
    DAVID L. HAROLD,
                    Respondent.

LEONARD'S TRANSPORTATION,               MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  October 19, 2015

Before:  McCarthy, J.P., Rose, Devine and Clark, JJ.

                    _____

        Bond, Schoeneck & King, PLLC, Rochester (James C. Holahan
of counsel), for appellant.

        Michelle I. Rosien, Philmont, for David L. Harold,
respondent.

        Eric T. Schneiderman, Attorney General, New York City (Mary
Hughes of counsel), for Commissioner of Labor, respondent.

                    _____

Rose, J.

        Appeals (1) from two decisions of the Unemployment
Insurance Appeal Board, filed February 24, 2014, which, among
other things, ruled that Leonard's Transportation was liable for
additional unemployment insurance contributions on remuneration
paid to claimant and others similarly situated, and (2) from two
decisions of said Board, filed April 30, 2014, which denied an
application by Leonard's Transportation for reopening and
reconsideration.

From April 2006 to October 2009, claimant, a truck driver, hauled freight for Leonard's Transportation (hereinafter Leonard), a trucking company that provides freight transportation services to its customers. To accomplish this task, claimant, who worked under two independent contractor agreements with Leonard, utilized a truck that he leased from Leonard's related company. After claimant's employment with Leonard ended, he applied for unemployment insurance benefits, and the Department of Labor determined that he was an employee entitled to unemployment benefits and, as such, that Leonard was liable for additional contributions on remuneration paid to claimant and others similarly employed as drivers. Following a hearing, an Administrative Law Judge sustained that determination, and the Unemployment Insurance Appeal Board adopted the Administrative Law Judge's findings of fact and opinion and subsequently denied Leonard's application for reconsideration. Leonard appeals.

We affirm. "Whether an employer-employee relationship exists is a factual determination for the Board, and its decision will be upheld if supported by substantial evidence" (Matter of Hunter [Gannett Co.—Commissioner of Labor], 125 AD3d 1166, 1167 [2015] [internal quotation marks and citations omitted]; see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]). While no single factor is determinative, "the pertinent inquiry is whether the purported employer retained control over the results produced or the means used to produce those results, with control over the latter being more important" (Matter of Watson [Partsfleet Inc.—Commissioner of Labor], 127 AD3d 1461, 1462 [2015]; see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]). Here, the record contains substantial evidence that Leonard exercised the requisite control over claimant's work to establish his status as an employee. While some indicia of control by Leonard was mandated by federal regulations (see 49 USC §§ 13906, 14102 [a] [3]; 49 CFR 40.1 et seq., 376.12 [b], [c] [1], [4]; [d]–[f], [h]–[k]; 382.101 et seq., 387.9, 396.1 et seq.), which, standing alone, "is not sufficient to establish an employer-employee relationship" (Matter of Cohen [Just Energy Mktg. Corp.—Commissioner of Labor], 117 AD3d 1112, 1113 [2014], lv dismissed 24 NY3d 928 [2014]; see 49 CFR 376.12 [c] [4]; Matter of Choto v Consolidated Lbr. Transp., Inc., 82 AD3d 1369,

1370 [2011]), the extent to which regulations governed the parties' contractual relationship can still be considered as part of the overall calculus of control exercised over claimant (see Matter of Cohen [Just Energy Mktg. Corp.—Commissioner of Labor], 117 AD3d at 1113; Matter of Jimenez [C & I Assoc., Inc.—Commissioner of Labor], 74 AD3d 1587, 1589 [2010]). Under the lease, claimant was not permitted to sublease or to allow any other party to use or operate the trucks without consent and was required under the parties' agreements to use the trucks that he leased from Leonard's related company (see Matter of Watson [Partsfleet Inc.—Commissioner of Labor], 127 AD3d at 1462; Matter of Davis [RTC Transp.—Roberts], 111 AD2d 1030, 1031 [1985]). Claimant was also bound by a one-year noncompetition restriction prohibiting him from soliciting, transporting or handling business of any of Leonard's customers during the term of their agreements or for one year thereafter (see Matter of Youngman [RB Humphreys Inc.—Commissioner of Labor], 126 AD3d 1225, 1226 [2015], lv dismissed 25 NY3d 1192 [2015]).

Further, claimant was required to comply with Leonard's safety and procedures manual, which covered, among other things, safety concerns, delivery procedures and the scheduling of vacations. Although claimant had no set schedule, he was expected to keep Leonard informed daily of his status while hauling freight (see Matter of Duffy [North Am. Van Lines—Hartnett], 172 AD2d 914, 914 [1991]; Matter of Blount [Whalen's Moving & Stor. Co.—Hartnett], 154 AD2d 849, 849 [1989]), and to contact Leonard if he anticipated any delay of delivery (see Matter of Wright [Central Transp., Inc.—Commissioner of Labor], 58 AD3d 988, 989-990 [2009]; Matter of McKenna [Can Am Rapid Courier—Sweeney], 233 AD2d 704, 704 [1996], lv denied 89 NY2d 810 [1997]). Claimant also did not haul freight for any other company or customers, and claimant did not deal directly with customers because Leonard handled the orders, billing, customer service and complaints (see Matter of Youngman [RB Humphreys Inc.—Commissioner of Labor], 126 AD3d at 1226). In addition to claimant receiving freight assignments directly from Leonard, Leonard also established the rates for pickup and delivery services (see Matter of Short [Ranger Transp.—Sweeney], 233 AD2d 676, 677 [1996]; Matter of Davis [RTC Transp.—Roberts], 111 AD2d at 1030). Claimant was also instructed to be courteous and to

represent the company in a professional manner at all times and to never argue with customers (see Matter of Kelly [Frank Gallo, Inc.–Commissioner of Labor], 28 AD3d 1044, 1044 [2006], lv dismissed 7 NY3d 844 [2006]; Matter of Webley [Graphic Transmissions–Roberts], 133 AD2d 885, 886 [1987]). Claimant was directed, prior to receiving payment from Leonard, to submit weekly paperwork, which included trip recaps, signed bills of lading, lumper receipts, toll tickets, fuel receipts and logs, and he received payment from Leonard directly regardless of whether the customer paid Leonard (see Matter of Youngman [RB Humphreys Inc.–Commissioner of Labor], 126 AD3d at 1226; Matter of Wright [Central Transp., Inc.–Commissioner of Labor], 58 AD3d at 988). Thus, notwithstanding evidence that could support a different result, the foregoing facts provide substantial evidence to support the Board's finding of an employer-employee relationship existed under the circumstances of this case. Leonard's remaining arguments are either being raised for the first time in its reply brief and, therefore, not properly before us (see Matter of Garcia v Prack, 128 AD3d 1244, 1245 [2015]), or have been examined and found to be lacking in merit.

McCarthy, J.P., Devine and Clark, JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court