McCarthy, J.R
Appeals from four decisions of the Unemployment Insurance Appeal Board, filed March 20, 2014, which ruled, among other things, that Medifleet, Inc. was liable for unemployment insurance contributions based upon remuneration paid to claimants and others similarly situated.
Claimants worked as drivers for Medifleet, Inc., a company in the business of transporting medical specimens for its clients’ medical offices. The drivers, using their own vehicles, picked up the specimens from Medifleet clients and delivered them to testing facilities. After claimants’ services were terminated, they applied for unemployment insurance benefits and the Department of Labor determined that they were employees entitled to benefits and that Medifleet was liable for additional contributions on remuneration paid to claimants and others similarly employed. Following a combined hearing, an Administrative Law Judge sustained those determinations and the Unemployment Insurance Board agreed. Medifleet appeals.
We affirm. “Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the. . . [B]oard, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion” (Matter of Isaacs [Speedy *1157 Media Assoc., LLC—Commissioner of Labor], 125 AD3d 1077, 1078 [2015] [internal quotation marks and citations omitted]; see Matter of DeRose [Winston Retail Solutions, LLC—Commissioner of Labor], 119 AD3d 1174, 1175 [2014]). “An employer-employee relationship exists when the evidence shows that the employer exercises control over the results produced or the means used to achieve the results [although] control over the means is the more important factor to be considered” (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010] [internal quotation marks and citations omitted]; accord Matter of Isaacs [Speedy Media Assoc., LLC—Commissioner of Labor], 125 AD3d at 1078).
The record demonstrates that Medifleet advertised for drivers, required the drivers to sign a standard contract, provided orientation and training, ensured that safety standards were followed, established delivery routes and supplied drivers with daily manifests. Drivers were required to wear photo identification and uniforms reflecting Medifleet’s logo, to purchase or lease specific scanners that allowed Medifleet to track their location and movement and to call in when their deliveries were complete. Medifleet would call the drivers directly if they were not on schedule or not in a proper location. Medifleet collected payment from clients, handled client complaints and would send another driver to collect the specimen in the event that the driver was unable to do so by the client’s deadline. The drivers were required to accept additional unscheduled deliveries assigned by Medifleet and could not use substitute drivers. Considering this evidence, the Board’s finding of an employer-employee relationship between claimants and Medifleet is supported by substantial evidence (see Matter of Youngman [RB Humphreys Inc.—Commissioner of Labor], 126 AD3d 1225, 1226 [2015], lv dismissed 25 NY3d 1192 [2015]; Matter of Isaacs [Speedy Media Assoc., LLC—Commissioner of Labor, 125 AD3d at 1079).
The Board also properly held that the findings of employment applied to all others determined to be similarly situated (see Labor Law § 620 [1] [b]). As we have previously recognized, “[t]he factual question of whether any other individuals actually perform the same work under the same conditions has been left open for resolution in subsequently pursued cases, if there be any[,] [and there is] no prohibition to the order of the Board which in effect states that other persons must be treated in the same manner if their circumstances of work are the same as [the] claimant’s [circumstances]. The principle of stare decisis dictates such a result” (Matter of Robinson [New York *1158 Times Newspaper Div. of N.Y. Times Co.—Hartnett], 168 AD2d 746, 747-748 [1990], lv denied 78 NY2d 853 [1991]).* Medifleet’s remaining claims also lack merit.
Rose, Devine and Clark, JJ., concur. Ordered that the decisions are affirmed, without costs.

 To the extent that we have held to the contrary (see e.g. Matter of Watson [Partsfleet Inc.—Commissioner of Labor], 127 AD3d 1461, 1463 [2015]; Matter of Viau [New York State Off. of Ct. Admin.—Commissioner of Labor], 125 AD3d 1223, 1227 [2015]), those decisions should no longer be followed.