■ In the Matter of Bruce Weakley, Doing Business as Weakley Sand & Gravel Co., Appellant. Commissioner of Labor, Respondent. [49 NYS3d 800]—

McCarthy, J.P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 12, 2014, which assessed Bruce Weakley for additional unemployment insurance contributions.

Bruce Weakley operates a business of transporting sand,

gravel and domestic wastes. Prompted by the filing of a complaint that Weakley was paying his employees "off the books," the Department of Labor undertook an audit of Weakley's business operations during the years from 2007 to 2009 to determine the individuals for whom Weakley might be liable for unemployment insurance contributions. The Department thereafter determined that six individuals—including two full-time truck drivers, three part-time truck drivers and a part-time truck washer—were Weakley's employees from 2007 to 2009 and, accordingly, assessed Weakley $19,929.79 for additional unemployment insurance contributions on behalf of those purported employees. Weakley objected and, following hearings, an Administrative Law Judge ultimately upheld the assessment of unemployment insurance contributions. Upon administrative review, the Unemployment Insurance Appeal Board affirmed the Administrative Law Judge's decision, and this appeal ensued.

Initially, we note that "[w]hether an employer-employee relationship exists is a question of fact for the Board, and its determination will be upheld if supported by substantial evidence in the record" (*Matter of Eiber Translations, Inc. [Commissioner of Labor]*, 143 AD3d 1080, 1081 [2016]; *see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor]*, 15 NY3d 433, 437 [2010]). "An employer-employee relationship ordinarily exists where the putative employer exercises control over the results produced or the means used to achieve the results, with control over the latter of more importance" (*Matter of Eiber Translations, Inc. [Commissioner of Labor]*, 143 AD3d at 1081; *see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor]*, 15 NY3d at 437). Here, Weakley's own testimony established that he hired two truck drivers, one during 2009 and the other during 2007 and 2009. The vehicles that they drove were owned by Weakley. Weakley dictated the hours they worked, the scope of services they performed and the locations where the work was to take place. Weakley reimbursed the drivers for fuel and compensated them at a set hourly rate of pay. Although there was also evidence that could support a contrary conclusion, the foregoing provides substantial evidence to support the Board's finding that the truck drivers were Weakley's employees (*see Matter of Wilder [RB Humphreys Inc.—Commissioner of Labor]*, 133 AD3d 1073, 1073-1074 [2015]; *Matter of McAlevey [Agewell Physical Therapy & Wellness, P.C.—Commissioner of Labor]*, 126 AD3d 1219, 1220 [2015]; *Matter of Wright [Central Transp., Inc.—Commissioner of Labor]*, 58 AD3d 988, 989-990 [2009], *lv dismissed* 12 NY3d 843 [2009]). In addition to the two truck

drivers, Weakley had hired two truck washers, who provided services directly to Weakley when needed and were reimbursed for work supplies. Weakley paid one truck washer approximately $100 in cash and the other at a set rate for her services. Therefore, the Board's finding that the truck washers were Weakley's employees is likewise supported by substantial evidence (*see Matter of Dwightmoore [Fanfair—Commissioner of Labor]*, 126 AD3d 1221, 1222-1223 [2015]; *Matter of Saalfield [Eber Bros. Wine & Liq. Co.—Commissioner of Labor]*, 37 AD3d 928, 929 [2007]).

However, we cannot conclude that substantial evidence exists to support the Board's finding that the two truck drivers were employed by Weakley on a full-time basis during the entire period of time at issue, namely from 2007 to 2009, or that one of the truck washers was employed for that entire period. There is no evidence that the truck washer was employed in 2007 or 2008. With respect to the two drivers, the record is devoid of any evidence that they were employees in 2008. Rather, Weakley testified that he laid off all of his truck drivers at the end of 2007 and, since then, had been operating the business by himself until 2009 when he hired the two truck drivers. The evidence that an auditor, on March 9, 2010, observed one of the truck drivers working on a truck bearing the driver's nickname during his visit to Weakley's business site and was informed that the other driver was "on the road all of the time" does not indicate that the drivers had been working for Weakley throughout 2007 to 2009. Nor does the evidence that Weakley hired drivers from other companies during 2008, when he "had too much work," suggest that the two truck drivers at issue were working at that time. Further, Weakley testified that the two truck drivers worked for him on a part-time basis in 2009, and the Department appeared to acknowledge in its audit report that one of the drivers was a part-time employee in 2009. In addition, the total amount of payments that Weakley made to the drivers in 2009 as reflected in the IRS 1099 forms issued to the drivers, along with the testimony regarding a full-time employee's payment rate, suggest that the drivers were part-time employees in 2009.

Similarly, we cannot find substantial evidence in the record to support the Board's finding that Weakley employed three other part-time truck drivers during 2007 to 2009. While the record demonstrates that Weakley owned several trucks during that period and that the auditor was informed during his site visit in March 2010 that a dump truck parked on site had been operated by "a couple of fill in drivers," such evidence, in our view, is insufficient to support the Board's finding.

Weakley's remaining contentions are either without merit or have been rendered academic in light of the foregoing.

Egan Jr., Lynch, Devine and Clark, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as assessed unemployment insurance contributions against Bruce Weakley on behalf of three part-time truck drivers, two full-time truck drivers and one part-time truck washer covering the entire period from 2007 to 2009; matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.