Matter of Mena (Philips Bryant Park LLC--Commissioner of Labor) (2024 NY Slip Op 00839)

Matter of Mena (Philips Bryant Park LLC--Commissioner of Labor)

2024 NY Slip Op 00839

Decided on February 15, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 15, 2024

CV-23-0345
[*1]In the Matter of the Claim of Giovanni Mena, Respondent. Philips Bryant Park LLC, Appellant. Commissioner of Labor, Respondent.

Calendar Date:January 16, 2024

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ.

Clifton Budd & DeMaria, LLP, New York City (Stefanie R. Toren of counsel), for appellant.
David E. Woodin, Catskill, for Giovanni Mena, respondent.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for Commissioner of Labor, respondent.

Reynolds Fitzgerald, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed August 1, 2022, which ruled that Philips Bryant Park LLC is liable for additional unemployment insurance contributions based on remuneration paid to claimant and others similarly situated.
Philips Bryant Park LLC operates a hotel that also contains a bar and nightclub. On weekend nights, Philips contracts the use of the bar and nightclub out to party promoters. Philips entered into an agreement with claimant in April 2013 to act as a doorman/bottle host for the parties. After claimant stopped providing these services, he applied for unemployment insurance benefits. The Department of Labor initially determined that claimant was an employee of Philips, and that Philips was liable for unemployment insurance contributions based upon remuneration paid to claimant and others similarly situated. Philips objected to the Department's determination but failed to appear at two subsequently scheduled hearings and, in two decisions filed on October 9, 2014, an Administrative Law Judge (hereinafter ALJ) found Philips in default and sustained the Department's determination. Philips' application to reopen the case was denied by the Unemployment Insurance Appeal Board but this Court reversed and remitted the matter, citing the Board's failure to support its denial with any findings of fact or reasons in support of the denial (164 AD3d 1510, 1511-1512 [3d Dept 2018]).
Upon remittal, the Board ultimately granted Philips' application to reopen. A hearing was held on November 6, 2020 at which Philips' managing director testified but claimant failed to appear. Following the hearing, the ALJ overruled the Department's finding of an employer-employee relationship. Claimant appealed to the Board and the Board determined that claimant's appeal should be considered an application to reopen the case and the Board directed that a hearing be held to address the application and provide both parties an opportunity to be heard. Following the hearing, at which claimant and Philips' managing director both testified, the ALJ granted claimant's application to reopen the case and then sustained the Department's initial determination. In two decisions, the Board upheld the ALJ's decision, and Philips appeals.[FN1]
We affirm. "Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the Board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Perez [Columbus Mgt. Sys., Inc.-Commissioner of Labor], 211 AD3d 1261, 1261 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Gisser [iTutor.com, Inc.-Commissioner of Labor], 211 AD3d 1258, 1258 [3d Dept 2022], lv dismissed 39 NY3d 1128 [2023]). "Substantial evidence is a minimal standard [*2]requiring less than a preponderance of the evidence. As such, if the evidence reasonably supports the Board's choice, we may not interpose our judgment to reach a contrary conclusion" (Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d 131, 136-137 [2020] [internal quotation marks, brackets and citations omitted]; accord Matter of McIntyre [Northeast Logistics, Inc.-Commissioner of Labor], 213 AD3d 1003, 1004 [3d Dept 2023]). "Traditionally, the Board considers a number of factors in determining whether a worker is an employee or an independent contractor, examining all aspects of the arrangement. But the touchstone of the analysis is whether the employer exercised control over the results produced by the worker or the means used to achieve the results. The doctrine is necessarily flexible because no enumerated list of factors can apply to every situation faced by a worker, and the relevant indicia of control will necessarily vary depending on the nature of the work" (Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d at 137 [internal quotation marks, brackets and citations omitted]; accord Matter of Phillips [All Sys. Messenger & Trucking Corp.-Commissioner of Labor], 217 AD3d 1014, 1015 [3d Dept 2023]). "Additionally, the evaluation of evidence and the inferences to be drawn therefrom are within the exclusive province of the Board, and the Board is the final arbiter of witness credibility" (Matter of Hosang [Crystal Cargo Inc.-Commissioner of Labor], 202 AD3d 1241, 1242 [3d Dept 2022] [internal quotation marks and citations omitted]).
Philips' managing director testified that the party promoters generally provided the crowd, a disc jockey and bottle hosts. According to the managing director, Philips decided to retain claimant, who had previously worked with Philips' general manager, to be the bottle host at the parties held at its nightclub because the bottle hosts that the party promoters used were "hurting the sales." The record reflects that, as a doorman/bottle host, claimant was required to stand outside of the nightclub and, using a reservation list provided by Philips, escort those people with reservations into the club where the waitstaff would serve them. Claimant would also be in charge of the door of the club and was provided a radio headset. Philips' general manager would monitor the amount of people inside and check on the line outside, telling claimant to either let more people in or to stop doing so until the crowd thinned out. Additionally, claimant would approach people outside the club and attempt to sell them a bottle of liquor that included a table for four in the club with bottle service. Philips would set the price of the bottle of liquor and the table that claimant promoted.
Claimant and Philips negotiated claimant's rate of pay and Philips set his schedule. The record reflects that claimant was required to punch a timeclock when he began and ended his shift and he would fill out a spreadsheet created [*3]by Philips each week, reflecting the days he worked that week. Philips then paid claimant based upon a weekly "check request" filled out by its general manager that listed claimant's daily rate of pay and a 5% commission on sales made by him. Claimant was not provided any benefits or paid for any expenses, and he received no training. Claimant could perform bottle host services for others and could refuse to work a shift but he had to request time off from Philips in advance and inform them if he was running late. Although the record contains evidence to support a contrary conclusion, the foregoing constitutes substantial evidence supporting the Board's finding of an employment relationship (see Matter of Anwer [Exclusive Fragrance & Cosmetics, Inc.-Commissioner of Labor], 114 AD3d 1114, 1115 [3d Dept 2014]; Matter of O'Connor [2020 Powervision, Ltd.-Commissioner of Labor], 67 AD3d 1302, 1303 [3d Dept 2009]).
Finally, the Board properly determined that its finding of an employment relationship applied to others determined to be similarly situated. "The factual question of whether any other individuals actually perform the same work under the same conditions has been left open for resolution in subsequently pursued cases, if there be any, and there is no prohibition to the order of the Board which in effect states that other persons must be treated in the same manner if their circumstances of work are the same as the claimant's circumstances. The principle of stare decisis dictates such a result" (Matter of Paka [Same Day Delivery Inc.-Commissioner of Labor], 213 AD3d 1050, 1053 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Phillips [All Sys. Messenger & Trucking Corp.-Commissioner of Labor], 217 AD3d at 1017).
Garry, P.J., Egan Jr., Aarons and McShan, JJ., concur.
ORDERED that the decisions are affirmed, without costs.

Footnotes

Footnote 1: To the extent that Philips challenges the granting of claimant's application to reopen, our review of the record does not disclose an abuse of discretion by the ALJ in granting said application (see Matter of Scaccia [Commissioner of Labor], 86 AD3d 890, 891 [3d Dept 2011]).